## LAVECCHIA *v.* TILLMAN.

### [76 South. 266, Division A.]

1. LANDLORD AND TENANT. *Actions. Pleading. Sufficency.*

   A plea to an action for the balance of rent due under a lease, that the lease was void because the lease was entered into in contemplation of the premises being used for the unlawful sale of intoxicating liquors, sets up a good defense.

2. EVIDENCE. *Parol evidence.*

   Parol evidence is admissible to show the unlawful purpose for which a lease was made.

APPEAL from the circuit court of Warren county.

HON. J. C. BRYSON, Special Judge.

Suit by A. G. Tillman against Joseph Lavecchia. From an order sustaining a demurrer to his pleas, defendant appeals.

Appellee, the owner of a storehouse in Vicksburg, leased same to the appellant. The lease provided that:

"The business for which said premises is leased is the sale of soft drinks or near beer, but nothing herein contained, nor verbal understanding, shall give the right to said lessee to conduct any unlawful business herein."

The lessee also obligated himself to comply with all city ordinances in relation to said premises.

The building was rented for a period of nine months at a rental of one hundred dollars for the first three months, and one hundred and twenty five dollars for the last six months. Appellant obtained the city and state license for selling "near beer" and opened business, and unlawfully and notoriously engaged in selling whisky, beer, and other intoxicating liquors, until some time in November, when he was stopped by order of the court.

Some time after the expiration of the lease, appellee filed suit against appellant to recover rent for four months of the term of the lease, which had not expired at the time appellant's place of business was closed by order of the court.

Appellant filed three pleas, the first of which alleged that there was an agreement between the lessor and lessee, that the appellant was to occupy said building for the purpose of selling intoxicating liquors, in violation of the laws of the state; that this fact was well known and consented to by the lessor; that the recital in the face of the lease was intended as a mere subterfuge; and that therefore the agreement was illegal and void. The second plea alleged that the defendant was prevented from carrying out his contract of lease by reason of an injunction suit of the courts, enjoining him from continuing in business or further occupying or using the building. The third plea alleges that, at the time the lease contract was executed, there was an ordinance in the city of Vicksburg permitting an issuance of "near beer" licenses, and that during the month of December, and before his lease had expired, the authorities of the city of Vicksburg repealed said ordinance and revoked and declared forfeited all near beer licenses, which prevented the defendant from carrying out his contract or lease.

The appellee demurred to the several pleas, and the court sustained the demurrers, and this appeal was prosecuted.

*Henry & Canizaro,* for appellant.

The court below commited a fatal error in sustaining the plaintiff's demurrer to each of the defendant's special pleas and we will now proceed to take up the questions of the issue raised by each demurrer in the order in which they appear.

115 Miss.—19

First: It is admitted by the demurrer, that the landlord knowingly leased his property to the appellant for the illegal purpose of selling intoxicating liquor, and parole evidence is admissable to expose the immoral and unlawful character of the transaction, it being against the public policy.

By the first demurrer (to the appellant's special plea) the appellee contends that Mr. Levecchia could not introduce parole evidence to expose the unlawfulness of the transaction because that would vary the term of the written contract. The authorities are unanimous that parole evidence is admissible. 9 Cyc., page 766.

5. Evidence of Illegality. Where a contract is assailed on the ground that it is illegal and void, the defense may be and generally is established by evidence *aliunde,* for the rule which forbids the introduction of parole evidence to contradict, add to, or vary a written instrument does not extend to evidence offered to show that a contract was made in furtherance of objects forbidden by statute, by the common law, or by the general policy of the law. It is competent to prove that a written contract was executed on Sunday and is therefore invalid, although it purposes on its face to have been executed on another day. When the consideration for a contract is the compounding of a felony, the contract is void, and evidence tending to show that no crime was in fact committed is not admissible. And a *fortiori* statements of the prosecuting attorney in regard to the merits of the prosecution are not admissible.''

The illegality of the contract was a question of law for the court below on the issue made out by the pleading, and the demurrer should have been overruled. 9 Cyc., page 777. *Charles S. Houghton Receiver, etc.,* v. *Williams S. Burden, U. S. Supreme Court Rep.,* 57 Law Ed. 780, 228 U. S. 161; *Scott* v. *Lloyd,* 9 Pet. 418, 9 L. Ed. 178; *McWilliams County Treasurer* v. *Phillips,* 51 Miss. 196.

The case of *Mitchell* v. *Campbell,* recently decided by this court and reported in 72 So. page 231, appears to us should be decisive of the case at bar. *Ryan et al.* v. *Potwin, Trustee,* 62 Ill. App. 134; *Stillman* v. *Lovelace,* 152 Ill. App. 332; *Ashbrook* v. *Dale,* 27 Mo. App. 649; *Dougherty* v. *Seymour,* 16 Colo. 289, 26 Pac. 823; *Sherman* v. *Wilder,* 100 Mass. 537; *Sprague* v. *Rooney,* 104 Mo. 349, 16 S. W. 505; *Bank* v. *Owens,* 2 Pet. 538, 7 L. Ed. 508.

The court will not assist either party in any transaction where in the nature of things it will "be made the handmaid of iniquity." *Deans* v. *McLendon,* 30 Miss. 443; *Rideout* v. *Mars,* 54 So. 801, 95 Miss. 423; *Cooper* v. *River.*

We respectfully submit this case should be reversed.

*McLaurin & Arminstead,* for appellee.

In reference to the effect of the demurrer by the plaintiff, to defendant's special plea, for the convenience of the court we cite 6 Encyclopedia of Pleading & Practice, p. 326, which shows that a demurrer of this kind searches the whole record, especially so when the special plea in question specifically refers to the lease contract, and that the lease contract must be taken into consideration in connection with the plea in determining the sufficiency of the demurrer. In other words the demurrer in this case did not admit under the pleadings that there was collusion between these parties to do an unlawful act, but it simply admitted what had already been set up, that the agreement, whatever it was, was shown in the face of the lease contract. See 6 Encyclopedia of Pleading & Practice, pp. 336 and 337, *et seq.,* as to extent of admissions by demurrer. On page 337 the text is as follows:

"Averments in a complaint as to the meaning or contents of a paper set forth therein or annexed to and made a part thereof, are not admitted by the demurrer,

with the possible exception of what may be, by reasonable intendment implied from the facts alleged or conclusions of law which are legitimate deductions from such facts."

We cite the court also to the case of the *State of Mississippi for the use of Clark-West & Company* v. *Bowen,* 45 Miss. 347, which shows that a demurrer to a plea can be carried back to the declaration, and we submit that it can be carried back to the declaration for the benefit as well as the detriment of the plaintiff filing the demurrers, especially where an exhibit to the declaration is specifically referred to in the plea demurred to. See, also, *McGavock* v. *Whitfield,* 45 Miss. 452.

We deem it entirely too elementary to undertake to cite authorities to sustain the proposition that in the absence of fraud, parol evidence cannot be introduced to contradict written instruments, and in this case we submit that although this first special plea undertakes to set up a fraudulent state of facts, that the plea utterly fails to do so for reasons above stated.

The case of *Mitchell* v. *Campbell,* 72 So. 231, seems to be the case mostly relied upon by appellant's counsel. The doctrine announced in that case was nothing new or novel in this state. It has been frequently adhered to in previous cases, notably in the case of *Woodson* v. *Hopkins,* 85 Miss. 171, but, for reasons above explained, we respectfully submit that this case has no application because it does not fit the facts based on the pleadings in this case. Besides, this court, insofar as we can determine from its decisions, does not always adhere to the doctrine laid down in the Mitchell case. For instance, the same distinguished and able judge who delivered that opinion on July 8th, insofar as we are able to judge, decided another case on the same day, from the same bench, diametrically opposed to the doctrine announced in the Mitchell case. See *Aetna Insurance Company* v. *Heidelber,* 72 So. 470 and 72 So. 852.

We therefore, respectfully submit that the action of the lower court was sound and correct, and that this case should be affirmed.

HOLDEN, J., delivered the opinion of the court.

This case is controlled by the rule announced by this court in *Mitchell* v. *Campbell*, 111 Miss. 806, 72 So. 231. The demurrer of the plaintiff below to the plea of the defendant alleging an illegal and void contract should have been overruled, as the plea presents a good defense to the action, and may be proven by oral testimony.

*Reversed and remanded.*