## EDWARD S. HOUSE *v.* DAVIS.

[86 South. 849, No. 21413.]

1. INTOXICATING LIQUORS. *Action is maintainable against hotel for loss of suit case containing intoxicating liquors.*

   Where a person brings an action against a hotel for the loss of a suit case in which was a bottle of intoxicating liquor carried in violation of chapter 189, Laws 1918, it is no defense in such action that such liquor was carried therein in violation of the law, as to the value of the suit case, a suit case not being within the terms and purview of section 5 of that act, which undertakes to denude certain articles used in violation of law of property rights.

2. CONSTITUTIONAL LAW. *Criminal statute construed in harmony with Constitution.*

   A criminal statute will not be extended by construction to embrace things not within its terms and purview, and will, if reasonably possible, be construed so as to make it constitutional.

3. INNKEEPERS. *Liability of hotel for loss of baggage held not limited to statutory amount.*

   Where a suit case was turned over to a hotel porter to be carried to a hotel, and where such porter had authority from the hotel to solicit and receive such suit case, and where it was carried by such porter to the hotel and lost after the owner became a guest of the hotel, the liability of the hotel is not limited to twenty-five dollars by section 2067, Hemingway's Code (chapter 137, Laws 1912) but comes within the exception in said act making the hotel liable as at common law for its value.

4. INNKEEPERS. *Liability for baggage before owner becomes guest is that of bailee for accommodation.*

   Where a hotel authorizes its porter to solicit baggage from prospective guest, and a person places his baggage with such porter to be carried to and kept at a hotel, and such baggage is lost by the negligence of the hotel or its servants prior to such owner of the baggage registering as a guest, or becoming a guest by contract with such hotel, the hotel's liability for such loss is that of a bailee for accommodation, unless such person becomes a guest of the hotel within a reasonable time after surrendering his baggage to such porter.

Appeal from circuit court of Hinds county.

Hon. W. H. Potter, Judge.

Suit by I. W. Davis against the Edwards House. Judgment for plaintiff before a justice of the peace, and on a new trial on appeal to the circuit court a peremptory instruction for plaintiff was given, whereupon defendant appears. Reversed and remanded.

*Niles Mosley* and *Green & Green,* for appellant.

The declaration does not state any cause of action in that it does not aver any negligence of the Hotel Company, and seeks to recover the actual value of the contents of the grip, when under section 2067, Hemingway's Code, the liability of hotels is limited to twenty-five dollars for each valise and contents.

This section provides, however, that the actual value of the contents of the valise may be recovered if the same "shall be lost by or through theft, or the negligence, carelessness, or omission of any hotel or innkeeper, or his servant or employee, and not by or through the carelessness, negligence, or omission of such guest."

As stated, there is no averment in the declaration of any negligence on the part of the hotel, appellant. Section 2067, Hemingway's Code, declares, that "liability of an innkeeper shall be that of a depositary for hire." 18 C. J. 563, defines a depository for hire thus: "A deposit for hire is one where the depositary receives, or has the right to demand, compensation, no matter of what nature or amount."

Up to the time of the loss of the grip, Davis was under no obligation whatever to pay the hotel anything. He had given his grip to a porter on the idea that he intended to be a guest of the hotel; and so far from that being the case, he told Mr. Ware, the manager, that he did not know whether he would be a guest or not, and did not register until, according to the testimony of Mr. Wood, the clerk, the grip was missing.

In order to hold the hotel company for the loss of the grip, Davis must have paid, or become liable to pay, the hotel as a guest, had at the time of the loss of the grip, it having been put in the place of proposed guest, and where the hotel company disclaimed any responsibility for it, he had not so paid.

In the variety of conflict of authority as to the liability of innkeepers, in the absence of section 2067, it was held in *Miller* v. *Peeples*, 60 Miss 820. "An innkeeper is chargeable as such because of the profit derivable from entertaining. The right to charge is the criterion of his liability. When the liability of the guest to be charged as such ceases, his claim on the inkeeper responsible for his baggage during such time as may be reasonable, under the circumstances to effect a removal thereof."

Under this rule there could be no common-law liability in this case, for at the time the grip was missing, Davis was under no obligation, express or implied, to pay the hotel a cent, and he was using the hotel for his convenience. The court not only gave a peremptory instruction for the plaintiff as to liability, but also an instruction to assess the damages at the fair value of the suit case and the contents at the time of such loss.

This instruction is not supported by the evidence, and it is in direct violation of section 2067 of the Code, which limits the liability, except in case of theft and negligence on the part of the hotel keeper or its servants—which must be proven; here there is no proof thereof to twenty-five dollars.

This instruction and recovery cannot be maintained for another reason, viz: That this grip had in it intoxicating liquor and it was unlawful under section 2125, Hemingway's Code, for Davis to have transported that intoxicating liquor into the state and brought it to the hotel.

Under section 2145, Hemingway's Code, the transportation over and along any public street or highway of any of said intoxicating liquors is forbidden, and Davis, when he gave the liquor to the porter in his grip to be carried

along the public street to the Edwards Hotel, was having it carried in violation of law.

Under section 2141, Hemingway's Code, it was a violation of law to take this liquor in this satchel into the restaurant. Under section 2143, Hemingway's Code, the liquor, the vessel, implements or vehicles, viz: the grip, used to transport the liquor, was declared to be forfeited and not to constitute a property right.

Under the laws of this state, the police could sieze without warrant that grip and take it away and have it condemned. It is a significant fact that Davis, when the grip was missing, sought the chief of police to find out what had become of the grip, but failed to find him.

Turning to the common-law liability of an innkeeper, and how that liability is created: Relationship of guest is not created if one comes to the inn merely for refreshment. *Commonwealth* v. *Moore,* 145 Map. 244, 13 N. E. 893; *Commonwealth* v. *Hogan,* 140 Map. 289. One who visits an inn, merely leaving goods there but who does not receive accommodation, is not a guest. *Taut* v. *Schmidt,* 60 Hun (N. Y.) 409; 15 N. Y. Supp. 616. One who sends his baggage to a hotel and goes there, but who does no more than sit and write letters while waiting for his train, is not a guest with respect to his baggage. *Baker* v. *Barley,* 145 S. W. (Ark.) 532; 39 L. R. A., N. S. 1085.

The mere furnishing of meals, as by a restaurant or cafe keeper, does not make him liable as an innkeeper, though he may elsewhere on his premises be engaged as an inkeeper. *Lewis* v. *Hitchcock,* 10 Fed. 4; *Bonner* v. *Welborn,* 7 Ga. 296; *Kister* v. *Hildebrand,* 9 B. Monroe (Ky.) 72, 48 Am. Dec. 416; *Williard* v. *Reinhardt,* 2 Ed. Smith (N. Y.) 148; The Civil Rights Bill, 1 Hughes, U. S. 541.

The innkeeper is not liable as such for goods deposited by one who is not a guest. *Shickstun* v. *Howard,* 8 Blackf. (Ind.) 535; *Carter* v. *Hobbs,* 12 Mich. 52; 82 Am. Dec. 762. The innkeeper is a mere gratuitous bailee of goods

left in his charge by one who does not become a guest and makes no agreement as to compensation. *Stewart* v. *Head,* 70 Ga. 449; *Weiser* v. *Chesley,* 53 Mo. 549; *Lawrence* v. *Howard,* 1 Utah, 142; Note 12 L. R. A. 382.

The innkeeper is not responsible as to a guest, or even as a gratuitous bailee, to one who delivers his goods to the hotel porter at the station, intending to become a guest, but who changes his mind and secured no accommodation there, though the goods are lost. *Tulane Hotel Co.* v. *Holahan,* 12 Tenn. 214, 79 S. W. 113; 105 Am. St. Dec. 930, Note.

When he sends his horse to be cared for, without any intention of stopping there himself, or he uses the stable of the inn as a livery, he acquired no rights therein. *Hickerson* v. *Thomas,* 16 Ala. 666.

In *McDaniels* v. *Robinson,* 28 Vt. 387, 67 Am. Dec. 720, it is held: "It is well settled that if a person leave at an inn property from which the innkeeper can derive no gain from its keeping, that is, dead property, as it is termed, and goes away himself, and it is stolen in his absence, he shall have no action against his host as innkeeper, for the reason that he was not a guest at the time." See *York* v. *Grindstone,* 1 Salk. 388; *Selman* v. *King,* Cro. Jac. 183; 3 Back, Abr., Wilson's Ed. 665, Tit. Innkeeper; *Grinnel* v. *Cook,* 3 Hill. 485, 38 Am. Dec. 663; *McDonals* v. *Edgerton,* 5 Barb. 560.

Under these decisions it is manifest that when Davis delivered his grip to the porter he did not intend to become liable to pay anything as a guest and was under no liability. He so declared to the manager who suggested to him that he had better register and secure a room.

Subsequently to the delivery of the grip to the porter, who was being used by Davis for his own convenience and the carrying of the grip to the general depository in the hotel of baggage of proposed guests, and after it had remained there from about two o'clock, according to Davis, until about four—according to Wood, hotel clerk, until, about six- -when Davis registered—there was no obliga-

tion on the hotel to care for his grip, and he was guilty of negligence in leaving it there open in the hotel lobby without care on his part, and without obligation on the part of the hotel to care for it.

Thus, the hotel being a depositary for hire as to its guests and only liable for twenty-five dollars for a grip and contents, in any event, except that where the proof shows that the hotel, or its employees were guilty of negligence and the guest was not guilty of contributory negligence then the actual value of the grip and contents cannot be recovered.

Here there is no proof of any negligence whatsoever on the part of the hotel or its employees, or any evidence, nor any claim in the declaration that there was any negligence on the part of the hotel or its employees, and hence the court erred in giving the peremptory instruction for the plaintiff, both as to liability and as to the measure of damages, and the court should have refused this instruction, and there being no liability, as shown, on the hotel company, the judgment should be reversed and the suit dismissed.

*Watkins, Watkins & Eager,* for appellees.

We respectfully submit that the rule is too well known and established to require expression that the innkeeper is liable for the loss of the baggage of his guest, and that the appellee, plaintiff below, made out his *prima facie* case of negligence on the part of the appellant, defendant below, which was never overthrown by appellant, and that the court below was left with nothing else to do but give an instruction peremptorily as to liability.

14 Ruling Case Law, page 498, section 7 of the chapter on Innkeepers, says: "2. Matters affecting existence of relation; it is immaterial how slight may be the entertainment received or how temporary the use made of the inn, if the person is there as a guest, (citing Note 105, A. S. R. 932, et seq.) and it seems to be generally accepted that

one may be a guest though he be not accommodated with lodging, citing *Bowell* v. *DeWald*, 2 Ind. App. 303; *Hill* v. *Memphis Hotel Co.*, 124 Tenn. 376, 34 L. R. A. (N. S.) 420; *Reed* v. *Amidon*, 41 Vt. 15; *Wright v. Anderton*, 1 K. B. B. 209, 78 L. J. K. B. 165, 100 L. T. (N. S.) 123, 25 Times L. Rep. 156, 53 Sol. J. 135, 4 British Rul. Cas. 425; being served with a meal (citing Note, 13 Eng. Rul. Cas. 130), or the purchase of liquor has been held sufficient to make one a guest, citing *Bennett* v. *Mellor*, 5 T. R. 273, 2 Rev. Rep. 593; Note 18 Am. Rep. 133, 6 L. R. A. 483, 13 Eng. Rul. Cas. 130 . . . Hotels conducted on the European plan whereby the guest pays for his meals separately and independently of his lodging have frequently been held to be inns within the common law meaning (citing *Hill* v. *Memphis Hotel Co.*, 124 Tenn. 376, and other cases)." And discussing on page 511 of the same volume, the question of liability for loss of guest's goods, the same authority proceeds:

"16. General rules as to liability of innkeepers:—To hold the defendant liable as an innkeeper for goods lost or damages, it must appear not only that the defendant kept an inn, and that the goods were lost or damaged there, but that he was acting in the capacity of innkeeper on the occasion when the goods were received, and that the plaintiff was his guest; or in other words that the plaintiff visited the inn for purposes which the common law recognizes as the purposes for which inns are kept, citing, *Carter* v. *Hobbs*, 12 Mich. 52; *Ingallsbee* v. *Wood*, 33 N. Y. 577; *Neal* v. *Wilcox*, 49 N. C. 146; *Arcade Hotel* v. *Wiatt*, 44 Ohio St. ——, 32 N. E. 398. And in a very able discussion of the reasons for this liability on the part of the innkeeper towards his guest, the same authority on page 513, section 17 of said volume says:

"An innkeeper holds out a general invitation to travelers to come to his house and receives a reward for his hospitality, and the law, in return, imposes on him corresponding duties, one of which is to protect the property

of those whom he receives as his guests." (Citing, *Houser* v. *Truly*, 62 Pa. St. 92, 1 Am. Rep. 390.)

With regard to the nature and extent of the liability of the innkeeper, Ruling Case Law lays down two general rules, either of which covers the case at bar: First, the rule that the innkeeper is practically an insurer of his guests goods; second, that of the doctrine of presumptive liability, the doctrine of a *prima facie* case, which leaves the innkeeper open to defend himself by way of showing himself guilty of no negligence or default. It matters not in the instant case because if we come under the former rule, liability certainly exists, and if under the latter, it still exists because the appellant has never once explained away the *prima-facie* case so abundantly made out against it.

But let us now turn to our Mississippi decisions and see what doctrine is announced by this honorable court. There are only three Mississippi cases covering the question of the liability of the innkeeper for the loss or theft of the guest's baggage, and we will discuss them in the order in which the same were handed down. *Wyatt Epps* v. *Howell Hinds*, 27 Miss. 663, 664, decided 1854. This case decided by this court over half a century ago clearly lays down the rule of the liability of the innkeeper toward his guest and the baggage of his guest. *Rowan Miller* v. *Peeples & Branum*, 60 Miss. 822.

We further respectfully submit, and an examination of the authorities of the entire country are in accord therewith, that it made no difference whether Davis had actually registered at the time of the loss or disappearance of his baggage or not. He had delivered it to the porter duly authorized by the hotel company to receive and solicit the same, and it was impossible for him to register until thereafter, and at the time he delivered the same to the said porter he testified he then and there intended becoming a guest of the appellant's hotel within a reasonable time, and the best evidence of the truth of the statement is that he actually did become its guest by registration, and by

eating the evening meal there in addition to his room and lodging. The liability of the hotel company under those circumstances began immediately upon the delivery of his bag to the hotel porter, and if the hotel porter had lost or stolen it immediately thereafter and before Davis had registered, the hotel company, we submit, would have still been just as liable. 22 Cyc., Innkeepers, page 1078; *Coskery* v. *Nagle,* 83 Ga. 696, 10 S. E. 491; 20 Am. St. Rep. 333; 6 L. R. A. 483; *Williams* v. *Moore,* 69 Ill. App. 618; *Carhart* v. *Wainman,* 114 Ga. 632, 40 S. E. 781; 88 Am. St. Rep. 45; *Eden* v. *Drey,* 75 Ill. App. 102; *Becker* v. *Haynes,* 29 Fed. 441; *Harry N. Austin* v. *Millspaugh et al.,* 90 Miss. 360 (1907); *Hill* v. *Memphis Hotel Co.,* 124 Tenn. 376; *Pettit* v. *Thomas,* 103 Ark. 593, 42 L. R. A. (N. S.) 122n; *Keith* v. *Atkinson,* 48 Colo. 480; 139 *Am.* St. Rep. 284, 11 Pac. 55; *Flint* v. *Illinois Hotel Co.,* 149 Ill. App. 404.

8. There is a conflict in the evidence as to the time and place and circumstances of the loss of the grip and whether before or after appellee became liable to pay as a guest; hence a peremptory instruction was improper."

The above cited cases of *Hill* v. *Hotel Co.,* and the citations and references given in 14 R. C. L. 498, *supra,* fully disposes of this question, as well as other cases above mentioned. The liability of the hotel company started at the moment Davis delivered his baggage to the hotel porter the uncontradicted and undisputed evidence showing that he then and there intended becoming a guest of said hotel within a reasonable time thereafter.

9. This assignment of error is based on the fact that there was some testimony showing that probably there was a quart of liquor in this hand bag. No value was allowed for the same, if in there, and the fact of its presence did not in the least effect a suit of this nature, no more so than if it had been a loaded pistol. If in fact it had been seized by the police department it was up to appellant to show the same. Appellant never makes an effort to explain the circumstances of the loss of this baggage.

Appellant cites quite a few authorities, but to take them up one by one is but to state that not one case cited is in point. The proposition is too simple, as for that matter, to require the citation of a single authority, we respectfully submit. To say that the innkeeper is not liable for the baggage of his intending guest, received by his duly authorized porter who solicits the same, is absurd. The traveller would have no means of protection under high heaven.

We respectfully submit the lower court's trial of the case was proper in every particular, and that the judgment should be affirmed.

ETHRIDGE, J., delivered the opinion of the court.

I. W. Davis was plaintiff below, and brought suit against the Edwards House, a hotel corporation, for the loss of a suit case and contents of the value of one hundred fifty dollars, alleging that on the 17th day of September, 1919, he arrived in Jackson, and upon leaving the railroad station, at the request of the porter of the Edwards House, said porter being its duly authorized agent for said purpose, delivered to the porter the suit case and contents, and plaintiff proceeded to the Edwards House to become its guest, and that after registering he made a request for his suit case, and that the hotel failed and refused to return the same to him. Suit was filed in a justice of the peace court, and a judgment rendered for one hundred fifty dollars, from which there was an appeal to the circuit court, where the cause was tried anew, resulting in a peremptory instruction for the plaintiff as to liability and direction to assess his damage at the fair value of the suit case and contents at the time of such loss. Upon this instruction the verdict was returned for one hundred fifty dollars, and judgment entered thereon for said amount. From which judgment this appeal is prosecuted.

The plaintiff testified that he reached, Jackson from Vicksburg about two o'clock in the afternoon, and turned his suit case over to the porter of the hotel; that he did not register as soon as he went in the hotel, and after he had been in the hotel a little while the manager said to him, "If you want a room here to-night you had better get your name in the pot;" that he did not register until about four o'clock in the afternoon, and when he registered that he decided not to go up to his room at that time, but that he noticed his suit case was in the hotel, and that he went to his room about seven o'clock, and when he started to go up to his room discovered that his suit case was missing; that search was made for it, but it was not found; that the suit case was valued at fifty dollars, and the clothing, etc., was valued at one hundred dollars. He also on cross-examination stated that he had a bottle of Sazerac, which is an intoxicating liquor, in his suit case.

The manager and clerk of the hotel testified that when Mr. Davis came into the hotel he did not register, and, according to the clerk, who claims to have registered him, he registered at or within a few minutes of six o'clock in the afternoon, and that when he registered he called for his suit case, which was missing and could not be found; that the suit case was placed near or against the wall, which had a sign indicating that the hotel was not responsible for baggage left there, but that the sign at the time of the search had been turned to the wall. The hotel admitted through its witnesses that the porter was authorized to receive baggage for the hotel from prospective guests and customers. They also testified that they had a place to keep baggage on the check system, which they used for persons desiring to leave baggage with them for safe-keeping, and that if baggage was left at this place it could not be obtained except on surrender of the check.

The proof shows that Mr. Davis was a traveling man, and frequently stopped at the Edwards House as a guest, and the proof further shows that Mr. Davis took dinner at the hotel that evening, but that the hotel is on the Eu-

ropean plan, and they furnish meals at the cafe to the public, whether they are guests at the hotel or not. The proof also shows that guests taking meals at the cafe may, if they desire, have the meals charged to their room, and that the cafe and hotel are run by the same corporation.

The contentions of the hotel are: That at the time the baggage was lost the relations of hotel and guest did not exist between Davis and the hotel, for the reason that he had not registered, and, further, that the hotel was only liable for a grip or suit case to the amount of twenty-five dollars under section 2067, Hemingway's Code (chapter 137, Laws of 1912), which reads as follows:

"The liability of the innkeeper of any inn, whether individual, partnership or corporation, for the loss of or injury to personal property placed by his guests under his care other than that described in the preceding section shall be that of a depository for hire. Provided, however, that in no case shall such liability exceed the sum of one hundred dollars for each trunk and contents; twenty-five dollars for each valise and contents, and five dollars for each box, bundle or package and contents so placed under his care, unless he shall have consented in writing with such guest to assume a greater liability; except that nothing herein shall prevent any guest of any hotel or inn from recovering at common law the actual value of the contents of any trunk, valise, box or package which, after being given into the care or custody of the hotel or innkeeper or placed in the rooms of a hotel or inn, shall be lost by or through theft, or the negligence, carelessness or omission of any hotel or innkeeper or his servant or employee, and not by or through the carelessness, negligence, or omission of such guest."

That under this section its liability is that of depository for hire. And that its liability in any event should not exceed the sum of twenty-five dollars. It also contends that under section 2141, Hemingway's Code (chapter 189, Laws of 1918), there was no property in the suit case, for the reason that it was used in violating the provisions of

sections 1 and 2 of the act prohibiting any person or corporation from transporting or delivering into this state, or in any manner or by any means whatsoever, intoxicating liquors, whether intended for personal use or otherwise, etc.  And that it shall be unlawful for any person, firm, or corporation to receive or accept, directly or indirectly, or to have, control or possess in this state, or for any person to personally transport or to bring into this state or from place to place in this state any liquors mentioned in section 1 of this act, whether intended for personal use or otherwise, etc.  And that under section 5 of said chapter it is provided:

"That no property rights of any kind shall exist in the liquors mentioned in section 1 of this act or  .  .  .   prohibited by the laws of this state to be manufactured, sold, bartered, or otherwise disposed of,  .  .  .   or in any fixtures, furniture or vehicles, conveyances, boats or vessels when said property is kept or used for the purpose of violating any law of this state or of the United States, or in any apparatus or appliance under or which may be used for the purpose of distilling or manufacturing any intoxicating liquors, and in all such cases, the liquors, bitters or drinks, as aforesaid, and the said property herein named, except vehicles, conveyances or boats, may be seized by the sheriff or any other lawful officer of the state and destroyed and rendered useless by him without any formal order of any court, and may be searched or seized under the laws of this state," etc.

And that, inasmuch as the suit case contained a bottle of intoxicating liquors, · forbidden to be possessed or brought into the state by the law of the state, no property right existed in the suit case, and that the hotel was not liable for the value of the suit case, regardless of whether its loss was occasioned by its negligence or that of its servant, or from theft or otherwise.

We will first dispose of the assignment that the court erred in rendering judgment for the value of the suit case because it contained a bottle of intoxicating liquors.  The

language of section 5 with reference to property rights is as follows:

"That no property rights of any kind' shall exist in liquors mentioned in section 1 of this act, or in any other liquors, liquids, bitters or drinks prohibited by the laws of this state to be manufactured, sold, bartered, or otherwise disposed of in this state, or any fixtures, furniture or vehicles, conveyances, boats or vessels when said property is kept or used for the purpose of violating any law of this state or of the United States," etc.

We do not think that a suit case comes within the terms and intent and purview of the statute. Statutes denuding property of property rights or denying property in an article to a citizen can only be taken away as an incident to the punishment of crime and as a part of a crime; and, unless property is forfeited or destroyed because of the taint of crime and as a part of a judgment punishing for a crime, or in an ancillary proceeding in the enforcement of the criminal law, it may not be done except on compensation being made under the constitutional provision. This character of statute is highly penal and drastic, and the terms will not be extended by construction to embrace property not clearly within the terms and purview of the statute. A careful reading of the section convinced us that it was not the purpose of the legislature to make the statute apply to the facts of the present case. If the statute were given an extended interpretation beyond its plain terms, there would be great danger of rendering it unconstitutional; and, where a statute is enacted, the courts will, if possible, construe it in a manner to make it consistent with the principles of the Constitution. We, therefore, think the assignment of error as to this matter not well taken.

We will next notice the contention that the recovery should be limited to twenty-five dollars under section 2067, Hemingway's Code (chapter 137, Laws of 1912). Under the terms of this act, set out above, it is provided:

"Except that nothing herein shall prevent any guest of any hotel or inn from recovering at common law the actual value of the contents of any trunk, valise, box or package which, after being given into the care or custody of the hotel or innkeeper or placed in the rooms of the hotel or inn, shall be lost by or through theft, or the negligence, carelessness or omission of any hotel or innkeeper or his servant or employee, and not by or through the carelessness, negligence or omission of such guest."

The facts in the present case show that the suit case was turned over to the authorized agent of the hotel, and if the relation of innkeeper and guest was established within a reasonable time after the suit case was so placed, its loss must be attributed to the hotel or its employee's negligence in not placing it in a safe place for keeping. If the relation of hotel and guest existed at the time of the disappearance of the suit case, then the plaintiff's right of action comes within the exception of the statute, and he may recover full value therefor. And if the plaintiff's testimony be taken as true, this relation did exist at the time of the loss.

We next come to the question as to whether the peremptory instruction should have been given as to liability and for the actual value of the suit case and its contents. Of course, if the testimony of the plaintiff be true, and if it is not contradicted by other evidence, the instruction would be correct, but after a careful consideration of the evidence we think this evidence is disputed, and that the dispute should have been refered to the jury for determination under appropriate instructions. The clerk testifies distinctly that when the plaintiff registered he looked around immediately, and said his suit case was missing, and that search failed to find it. According to the evidence of the clerk and the manager of the hotel the plaintiff declined to register when he first entered the hotel, though his attention was directed thereto by the manager, if he desired to secure a room. And it appears from this testimony that the plaintiff was then uncertain whether he

would become a guest of the hotel or not. We think if the testimony of the employees of the hotel be taken as true, and the suit case was removed from the hotel prior to the plaintiff's becoming a guest thereof, that a different rule of liability would exist; and, inasmuch as the hotel had through its employees solicited the custody of the suit case, in the absence of the relation of guest and hotel keeper being established, it would be liable as an accommodation bailee, which would be a different degree of liability from that of innkeeper. If the liability is to be determined by the rules governing bailee for accommodation, the peremptory instruction as to the liability would be clearly improper. We think the matter in dispute should have been submitted to the jury with law applicable to the contention of each side embodied in proper instructions.

For the error indicated, the judgment will be reversed, and the cause remanded.

*Reversed and remanded.*