CAPPS *et al. v.* POSTAL TELEGRAPH-CABLE CO.

(In Banc.   Oct. 23, 1944.)

[19 So. (2d) 491.   No. 35661.]

Dugas Shands, of Cleveland, for appellants.

Hugh F. Causey, of Cleveland, for appellee.

**Griffith, J.,** delivered the opinion of the court.

Appellants, on July 17, 1941, sold 600 bales of cotton to the Rex-Hanover Mills of Gastonia, North Carolina, at a specified price, deliveries to be made in September and October, 1941. Appellants did not have the cotton on hand but expected to buy it from neighboring planters

when gathered. Therefore on the same day appellants, through their office manager, filed a message with appellee telegraph company, at its Cleveland, Miss., office, addressed to the head of appellants' firm, who was then in Greensboro, North Carolina, advising of the sale with the admitted purpose, and none other, that the head of the firm, who was the only member thereof authorized to act in that particular, so far as the firm was concerned, would immediately make what is commonly called a hedging contract with appellants' brokers on the New York exchange to protect appellants against any rise in the price that appellants would have to pay in the performance of the Rex-Hanover contract.

The message was never sent, and the head of the firm did not learn of the sale until July 21, 1941, at which time the market price of cotton had advanced so as to make a difference against appellants on the 600 bales of more than $500, the amount for wihch appellants sued herein. On that day, to wit, July 21, 1941, the head of appellants' firm placed a hedging contract with his New York brokers and kept it in force until the cotton in kind was actually purchased by appellants at market prices, which prices never at any time afterwards were lower than on July 21st.

There is ample testimony to support the conclusion that had the telegram been sent on July 17th and had the hedging contract been made on that day, it would have been a futures contract and that only, without any real purpose or expectation that actual deliveries would be made upon it, so that under our statutes and decisions it would have been a gambling contract, unenforceable in the courts of this State, either directly or indirectly, and regardless of where made. Section 1830, Code 1930, Section 28, Code 1942; Alamaris v. John F. Clark & Co., 166 Miss. 122, 145 So. 893; Ascher & Baxter et al. v. Edward Moyse & Co. et al., 101 Miss. 36, 53, 57 So. 299. That the futures contract for the purpose of a hedge does not save it, as was definitely decided in Falk v. J. N. Alexander

Mercantile Co., 138 Miss. 21, 102 So. 843, under the statutory section reading substantially as does the present section, supra.

The telegraph company was in no way responsible for the rise in the market. The complaint against it, so far as damages are concerned, is that because of its negligence the opportunity was not taken, as otherwise would have been, on July 17th to hedge against the loss in the rise in the market; wherefore to maintain the issue in appellants' behalf for the recovery of damages, it was essential that appellants rely on the hedging contract, but so to do they must rely on that which is illegal and void and this brings into application the familiar rule that if a plaintiff requires essential aid from an illegal transaction to establish his case, he has no case. 1 C. J. S., Actions, sec. 13, pp. 996-998; 1 Am. Jur., pp. 414-415; Western Union Tel. Co. v. McLaurin, 108 Miss. 273, 66 So. 739, L. R. A. 1915C, 487. Compare Southwestern Bell Tel. Co. v. Bagley & Co., 178 Ark. 876, 12 S. W. (2d) 782, 62 A. L. R. 177. A hedging contract, such as here contemplated, is in the eyes of the law of this state void; it is nothing; it is the same as that which is nonexistent, and being nonexistent, it can furnish no foundation in our courts upon which to lay a claim for damages.

Appellants rely on Meador v. Hotel Grover, 193 Miss. 392, 9 So. (2d) 782. There, however, the illegality was not an essential part of plaintiff's case, as the court pointed out on page 405 of 193 Miss., on page 785 of 9 So. (2d), while here the illegality is not only an essential part of the case, but is substantially all of it.

Affirmed.