WESTERN UNION TELEGRAPH COMPANY *v*. ESTES.

4-8532                                            212 S. W. 2d 333

Opinion delivered June 21, 1948.

*John H. Waters, D. H. Crawford* and *Rose, Dobyns, Meek & House,* for appellant.

*Agnes F. Ashby* and *J. H. Lookadoo,* for appellee.

GRIFFIN SMITH, Chief Justice. Judgment for $1,172.-50 was rendered on a jury's verdict that Western Union willfully failed to deliver a telegram in a reasonably expeditious manner.

Horace Estes is a rural mail carrier in Clark County, with Gurdon as his home. Incidentally he gambles on horse races and sometimes receives tips at the post office, sent from Washington Park Race Track, Ill., which is near Chicago. August 27, 1945, a Western Union message was filed with the Washington Park office of the Telegraph Company at 10:30 a. m., directed to Estes at Gurdon. It read: "Meet Ankylos today. Any news from Hot Springs? Write." The sender signed "Steve."

Estes alleged that his relations with "Steve" were such that "tipping" information would have been relied upon. It was customary for the tout to write, giving preliminary data, and if the chances to win were as promising on race day as they were when the letter was written, a telegram would be sent. Appellee testified that prior to August 27th he had received such a letter, and if the wire message had been delivered he would have placed $250 with an East St. Louis bookmaker—$100 to win, $75 to place, and $75 to show. He ascertained later that Ankylos had won, and that his profits on the intended bet would have been $1,172.50. "Steve" communicated with Estes, asking for his "split" on the tip. It was conceded that the telegram was not delivered until the race had been run; hence, says Estes, his loss was his failure to win.

Of the several defenses interposed and urged on appeal, we consider but one: the transaction was illegal; and this is true whether the laws of Arkansas or Illinois be considered. A bookmaker operating as in the case at bar is met by § 3355 of Pope's Digest, and gains nothing from §§ 12435-12457. See, particularly, § 12448. Applicable also is Ch. 38, § 336, Illinois Revised Statutes, 1945,

State Bar Association Edition; § 37j. Consider *Albright* v. *Karston,* 206 Ark. 307, 176 S. W. 2d 421; *Albright* v. *Muncrief,* 206 Ark. 319, 176 S. W. 2d 426; *Southwestern Bell Telephone Co.* v. *Bagley,* 178 Ark. 876, 12 S. W. 2d 782, 62 A. L. R. 177; *Eager* v. *Jonesboro, Lake City & Eastern Express Company,* 103 Ark. 288, 147 S. W. 60; *Lindsey* v. *Rottaken,* 32 Ark. 619; *Martin* v. *Hodge,* 47 Ark. 387, 1 S. W. 694, 58 Am. Rep. 763; *Brelsford* v. *Stoll,* 304 Ill. App. 222, 26 N. E. 2d 159; *Capps et al.* v. *Postal Telegraph-Cable Company,* 197 Miss. 118, 19 So. 2d 491.

*Wiggins* v. *Postal Telegraph & Cable Company,* 130 S. C. 292, 195 S. E. 568, is annotated in 44 A. L. R. At page 783 the annotation reads: ''The majority of the cases support the rule applied [by the South Carolina Court in *Wiggins* v. *Telegraph Company*] that a telegraph company is not liable for negligence in connection with the transmission of telegrams which relate to gambling transactions.''

Judgment reversed and cause dismissed.