LAIRD, BISSELL & MEEDS *v*. CAPPS.

No. 39550 May 16, 1955 80 So. 2d 49

*Levingston & Bizzell*, Cleveland, for appellant.

*Alexander, Feduccia & Alexander,* Cleveland, for appellee.

. HALL, J.

This suit was filed by appellant in the circuit court against appellee for the recovery of $8,253.90 plus interest and attorney's fees represented by three promissory notes dated October 24, 1952. The notes were given in liquidation of an open account owing by appellee to appellant for losses sustained in transactions involving cotton futures. Appellant is a broker duly licensed by the New York Cotton Exchange and handled on the floor of the exchange the numerous buy and sell orders of appellee which resulted in the total loss in question. Appellee pleaded that the transactions were in violation of the gambling laws of Mississippi. The case was tried by agreement before the circuit judge without a jury. He found as a fact from the evidence that there was no contemplation of an actual delivery of the cotton involved in these transactions and dismissed the suit.

Under this finding the lower court held, and we think correctly so, that this case is controlled by the cases of Alamaris v. Jno. F. Clark & Co., 166 Miss. 122, 145 So. 893, and Capps v. Postal Telegraph-Cable Co., 197 Miss. 118, 19 So. 2d 491. Appellant concedes this position to be correct but argues that the Alamaris case, wherein the Court considered Chapter 304, Laws of 1928, was decided under two sections of said chapter and that the Court never considered nor had brought to its attention the provisions of Section 9 of said Chapter, and that Section 9, when considered along with the other provisions of the Act, makes these transactions perfectly legal. Chapter 304, Laws of 1928, is brought forward

as Sections 25 to 33, inclusive, of the Code of 1942, and Section 9 of the Act is the same as Section 33 of the Code. It is inconceivable to us that the Court did not consider the whole Act, and it is further inconceivable that the legislature intended by its passage to change the law as repeatedly laid down by our statutes and decisions since the beginning of our statehood. This was said in the Alamaris case and we adhere to it.

Affirmed.

*McGehee, C. J.,* and *Kyle, Arrington* and *Gillespie, JJ.,* concur.