SMITH, D.B.A. TIC-TOC BEVERAGES *v.*
MARYLAND CASUALTY COMPANY

No. 43403          March 8, 1965          172 So. 2d 574

*Prewitt & Bullard,* Vicksburg, for appellant.

*Dent, Ward, Martin & Terry,* Vicksburg, for appellee.

Gillespie, J.

S. M. Smith, doing business as Tic-Toc Beverages, plaintiff below and appellant here (hereinafter called Smith), sued Maryland Casualty Company, defendant below and appellee here (hereinafter called Casualty Company), in circuit court on a fidelity bond. The court sustained a plea in bar and dismissed the suit. Hence this appeal.

Casualty Company issued to Smith a commercial blanket bond indemnifying Smith against loss of money or other property sustained through any fraudulent or dishonest act or acts committed by any of Smith's employees, to an amount not exceeding $10,000. The declaration charged that two of Smith's employees dishonestly misappropriated merchandise in excess of $10,000 while the bond was in force.

Upon motion of Casualty Company, the court ordered Smith to furnish a bill of particulars, and in response Smith filed a statement that the misappropriated property consisted of intoxicating liquors. Casualty Company then answered and included a plea in bar based on Mississippi Code Annotated section 2613 (1956), making the possession of liquor in Mississippi a violation of the law, and on the ground that the maintenance of Smith's action would violate the public policy of the State of Mississippi, and further that under Mississippi Code Annotated section 2618 no property rights exist in liquor. Upon the hearing of this plea in bar, it was stipulated that the agent of Casualty Company, with authority so to do, wrote Smith prior to the alleged loss stating that the bond was written with the express understanding and representation that the Casualty Company waived any defense of any legal action under said bond on the basis that Smith was engaged in an illegal activity. The

trial court sustained the plea in bar and dismissed the action.

Smith contends that collateral contracts in which no illegal design enters are not affected by an illegal transaction with which the contract is only remotely connected. We are unable to agree that this bond was only remotely connected with an illegal activity. The bond gave protection to Smith's illegal liquor business and in order to recover Smith requires the aid of the evidence showing his illegal activities. We said in Capps v. Postal Telegraph Co., 197 Miss. 118, 19 So. 2d 491 (1944), involving an action based on the negligent failure of the Telegraph Company to send a message involving a gambling contract, that ''(I)f a plaintiff requires essential aid from an illegal transaction to establish his case, he has no case.'' The public policy of the State has been clearly defined regarding intoxicating liquors. It is unlawful to possess, sell, or give away liquor. Miss. Code Ann. § 2613 (1956). There shall be no property rights in intoxicating liquor. Id., § 2618. Debts based on transactions involving intoxicating liquors are void. Id., § 2112. See Morrissey v. Bologna, 240 Miss. 284, 123 So. 2d 537 (1960).

The bond, as applied to the business in which Smith was engaged, furnished aid and protection to his illegal business, and in order to recover Smith must base his cause of action on his own admitted illegal act. Under these circumstances the courts will not enforce the contract. See Powelson v. National Air Lines, 220 Miss. 595, 71 So. 2d 467 (1954). This is in accord with the overwhelming weight of authority elsewhere. Annot., 18 A.L.R. 1086 (1922).

We have carefully considered the authorities relied upon by appellant and they do not justify a holding that the fidelity bond involved in this case was only incidentally, indirectly, or remotely connected with Smith's illegal liquor business. Edwards House v. Davis,

124 Miss. 485, 86 So. 849 (1920), involved a suit to re-
cover the value of a suitcase and clothing contained
therein. The contention was made that no property right
existed in the suitcase because it was being used for
the transportation of a bottle of illegal whiskey, and
the Court held this contention was without merit. The
Court construed Chapter 189, Laws of 1918 (now Mis-
sissippi Code Annotated section 2618 (1956), and held
it did not denude the plaintiff of his property rights
in the suitcase. It was not necessary for plaintiff in
that case to depend on evidence of his illegal act in
order to make out his case.

American Equitable Assurance Co. v. McWhirter, 160
Miss. 216, 133 So. 664 (1931), and Conithan v. Royal
Insurance Co., 91 Miss. 386, 45 So. 361 (1907), were
cases involving enforcement of insurance contracts cov-
ering furniture in houses of prostitution, and the Court
enforced the contracts because they did not directly aid
the illegal businesses and the connection between the
contracts and the illegal businesses was too remote to
invalidate the contracts. In those cases it was not neces-
sary for the plaintiffs to rely on the illegal businesses
to establish their cases, whereas in the case at bar,
Smith's case, if he has one, is based on his own illegal
act.

We have carefully considered the commit-
ment Casualty Company made not to defend any claim
on the ground that Smith was in an illegal business.
The policy of the State cannot be waived by private
contract. Otherwise, the public policy of the State would
be subject to the will of contracting parties.

In view of the commonly known fact that the pro-
hibition laws are not enforced in some areas, and the
fact that the State collects a ''black market'' tax on
liquor sold in this State, the Court has given careful
consideration to the reasons underlying the rule gov-

erning this case, but we find no basis for unsettling the law in this area.

Affirmed.

*Lee, C. J., and Ethridge, Jones and Patterson, JJ.,* concur.