224 So.2d 565 (1969)
Josie E. SMITH
v.
Edward SIMON, Jr. and F.L. Cappaert.
No. 45374.
Supreme Court of Mississippi.
June 9, 1969.
Watkins & Eager, W. Thad Cochran, Jackson, for appellant.
William W. Ramsey, Vicksburg, for appellees.
GILLESPIE, Presiding Justice.
Mrs. Josie E. Smith (hereinafter Lessor) leased certain premises situated in Warren County, Mississippi, to Edward Simon, Jr., (hereinafter Lessee) together with the fixtures located in the premises. F.L. Cappaert, (hereinafter Guarantor) guaranteed the payment of all rents accruing under the lease. The Lessee and Guarantor defaulted in the payment of the rents and Lessor brought suit in the Circuit Court of Warren County to recover the rent and damages for failure to surrender the leased premises and the personal property in the same condition as received.
Lessee and the Guarantor raised the issue that the lease was void and unenforceable because it furnished aid and protection to the business of selling intoxicating liquors on the premises in violation of the statutes of the State of Mississippi.
The issue of illegality was separately heard as authorized by Mississippi Code 1942 Annotated, Section 1475.5 (1956). The trial judge heard the evidence on this issue and dismissed the suit. Lessor appealed.
The question is whether the facts justified the court in adjudging the lease void for being in violation of law and in contravention of the public policy of the state.
At the time the lease was executed and during the primary term thereof the sale of liquor was illegal in this state and the statutes provided that there were no property rights in intoxicating liquors and all obligations given for intoxicating liquors *566 were void and unenforceable. The leased premises consisted of a restaurant and bar and certain personal property therein described, such as champagne coolers and whisky glasses. Lessee was an experienced restaurateur, and was operating another restaurant at the time the lease was executed. The lease as originally written contained a paragraph concerning the purchase by Lessee of "merchandise" from Lessor's husband. It was admitted that this "merchandise" meant intoxicating liquor. However, this paragraph was striken from the lease before execution. The premises had been used by Lessor for the operation of a restaurant and intoxicating liquors were also served. After Lessee began operating the restaurant he continued serving intoxicating liquor. There was no provision in the lease that intoxicating liquor would be served or sold on the premises, and there was no discussion of liquor between Lessor and Lessee. However, the evidence justified the trial court in finding that the parties contemplated that Lessee would serve liquor to his customers as Lessor had done when she operated the restaurant. The rental was $800 per month or ten percent of the gross proceeds, whichever was the larger. It is agreed that ten percent of the gross proceeds never exceeded $800. It was not shown how much intoxicating liquor was sold by Lessee.
There is no doubt that the courts have the duty and the power to declare void and unenforceable contracts made in violation of law or in contravention of the public policy of the state. This Court has exercised this power in several classes of illegal contracts, including the following: (1) when the principal purpose of the contract directly furnishes aid and protection to an illegal enterprise, Smith v. Maryland Casualty Co., 252 Miss. 81, 172 So.2d 574 (1965), involving fidelity bond covering employees who misappropriated illegal liquor; (2) when in order to enforce the contract a party must base his cause of action on his own illegal act, Capps v. Postal Telegraph-Cable Co., 197 Miss. 118, 19 So.2d 491 (1944), involving failure to deliver a telegram concerning a gambling contract; (3) where the contract itself is unlawful, Powelson v. National Airlines, 220 Miss. 595, 71 So.2d 467 (1954), involving a contract to purchase stock in violation of a federal statute, and Morrissey v. Bologna, 240 Miss. 284, 123 So.2d 537 (1960), involving an indebtedness for illegal liquor.
But not every contract with some illegal aspect is void and unenforceable. The right to contract and have contracts enforced is a basic one guaranteed by the Constitutions. The function of the courts is to enforce contracts rather than enable parties to escape their obligation upon the pretext of public policy. This Court has adjudged contracts void only when the illegality is clearly shown. In Conithan v. Royal Ins. Co., 91 Miss. 386, 45 So. 361, 18 L.R.A.,N.S., 214 (1908), the Court declined to hold illegal an insurance policy on property used for purposes of operating a house of prostitution and said that to defeat action on the policy it is necessary to hold that the policy itself is an immoral contract, and that the policy was good although the insured property was illegally used. In Edwards House v. Davis, 124 Miss. 485, 86 So. 849 (1921), the Court held that an action could be maintained by the hotel guest against the hotel for loss of a suitcase and contents when the suitcase contained a bottle of intoxicating liquor. The statutes made possession of the liquor a crime and further provided there was no property rights in liquor or anything in which intoxicating liquor was kept. In declining to hold that the bottle of liquor in the suitcase was sufficient to deprive the plaintiff of his property rights in the suitcase and other contents, the Court noted that the statute was highly penal and drastic, and that its terms would not be extended by construction to embrace property not clearly within the terms and purview of the statute. In American Equitable Assur. Co. v. McWhirter, 160 Miss. 216, 133 So. 664 (1931), the Court again declined to adjudge invalid *567 a fire insurance policy insuring furniture used in a house of prostitution; the basis of the decision being that the connection between the policy and the business of keeping a house of prostitution was negligible in character and too remote to require the Court to hold the policy unenforceable.
The lease did not require the Lessee to sell liquor. It made no provision with regard to illegal liquor. The parties did not discuss the question of the illegal sale of liquor at any time. They signed the lease at different times and apparently did not meet and discuss it together. The Lessee was under no contractual obligation to Lessor in regard to the liquor business. Lessor's case is not based on any illegal act of hers, and in order for her to recover it is not necessary to make proof of any illegal aspect of Lessee's operation on the leased premises. In our opinion any connection between the lease and the illegal sale of intoxicating liquor by Lessee is incidental to the lawful restaurant business and is not shown to be of such significance as to require the court to deprive Lessor of her property rights in the lease.
We are not persuaded that Lavecchia v. Tillman, 115 Miss. 288, 76 So. 266 (1917), is authority for Lessee's argument that the lease is an illegal contract. That case turned on a demurrer to a plea. For the purpose of the demurrer it was admitted that the purpose of the lease was to conduct the illegal business of selling intoxicating liquor on the leased premises.
The order of dismissal is reversed and the case is remanded for trial on any issue the pleading may raise except the issue of illegality, which we decide here in favor of Lessor.
Reversed, rendered and remanded.
RODGERS, JONES, BRADY, and SMITH, JJ., concur.