CHARLES WOOLEY, Plaintiff in Error, *v.* WILLIAM M. FRY, Defendant in Error.

ERROR TO GREENE.

It will be presumed that the evidence in the court below was sufficient to sustain the verdict, unless it appear from the bill of exceptions that it contains all the evidence.

The mortgagee of personal property, permitted four days to elapse, after the maturity of the mortgage, before taking possession of the property: *Held*, that he did not exercise due diligence. If absent himself, he should have employed an agent.

The question of diligence is one both of law and of fact. It is for the court to determine what time, under the circumstances, is reasonable, and the jury will say whether the mortgage was foreclosed within that time.

The fact that a note and chattel mortgage was given for a larger sum than was actually due, is not conclusive of fraud.

It may have been done by mistake; and it is for the jury to decide whether it was done in fraud of creditors, or in good faith.

THIS was an action of replevin, instituted to recover possession of two horses, which Fry had levied on (he being deputy sheriff of Greene county) as the property of one William

Briscoe. The declaration was for the wrongful detention of said property. The plea is the general issue, with an agreement of attorneys that all special matters in bar of suit should be allowed under said plea.

On this issue trial was had, and a verdict for defendant. Plaintiff moved for a new trial, which was overruled, and a judgment entered.

The testimony showed, that William A. Davis had a mortgage on the horses in controversy for the sum of $300. That on posting accounts, after note was given, the indebtedness was not so large as Davis and Briscoe each thought it was, and Davis credited on the note the excess—and this was done as soon as the error was discovered. That the mortgage was acknowledged before a justice in whose precinct Briscoe resided, and the proper entry was made on the justice's docket. The mortgage is in the usual form.

That Davis, the mortgagee, was, on the last of July, engaged in the city of St. Louis (the mortgage becoming due August 1st) on very urgent business, and was so detained until the evening of the 2nd day of August, when he started home in the evening, rode all night, and reached home on the morning of the 3rd day of August, when he immediately took steps to foreclose the mortgage by placing it in the hands of an officer, with the direction to immediately take and advertise the property. That the officer demanded the property of Briscoe, and found the same was out on the river bottom, a very extended range, where it was impossible for strangers to the stock to find the same. That Briscoe promised to get the said stock up on the 3rd, or morning of the 4th, and deliver the same to Mr. R. S. Cole, and did so by the time specified. That the mortgage was for a valid outstanding indebtedness, given in good faith.

The defendant offered in evidence the execution.

Whereupon the court refused the following instructions asked for by the plaintiff, to wit:

The court, for the plaintiff, instructs the jury that if they believe, from the evidence, that William A. Davis was absent in St. Louis, on his necessary and urgent business, on the last

of July, 1861, and hastened home as speedily as he could, and on arriving at home on the morning of the 3rd of August, took steps at once to foreclose the mortgage and take possession of the property in controversy, that is all the diligence required at his hands, and if the mortgage was given in good faith to secure an existing debt, the jury ought to find the issue for the plaintiff.

The court instructs the jury that the question of diligence in foreclosing a chattel mortgage, is a question depending upon the situation of the parties and the property in each particular case, and it is for the jury to determine, upon the facts proven, whether due diligence was used in the case or not.

And gave, in lieu thereof, the following instructions, to wit:

If the jury believe, from the evidence, that it was in the power of Davis by the use of reasonable diligence, to reduce into his possession the mortgaged property on the day of the maturity of the mortgage, it was incumbent on him to do so, otherwise his mortgage is a fraud in law; and in determining from the evidence whether he could so have taken possession of the property on the day of the maturity of the mortgage, the absence of Davis in St. Louis is to be disregarded by the jury, as it cannot be set up by him as an excuse for not taking possession of the property.

The defendant asked and the court gave the following instructions for him, to wit:

That the jury must be satisfied, from the evidence, that the note in this case, in the mortgage described, was given for a good and valuable consideration to the amount which it purports to have been given for; or otherwise it is by law fraudulent and void, and no rights can accrue under it.

That if the note in the mortgage described was given by Briscoe to Davis for more than was due and owing between them, in such case the mortgage becomes fraudulent as to the creditors of Briscoe.

To all of which plaintiff excepted and excepts. There was a verdict for defendant, and motion for new trial, which was overruled. Plaintiff assigns the following errors:

The court erred in refusing plaintiff's instructions.

The court erred in giving defendant's instructions.

The court erred in giving instruction in lieu of plaintiff's instruction.

The court erred in overruling motion for new trial, and in rendering judgment.

James W. English, for Plaintiff in Error.

N. M. Broadwell, for Defendant in Error.

This judgment cannot be disturbed :

1st. Because it does not affirmatively appear on the face of the bill of exceptions, that it contains all the evidence. In such case the presumption is in favor of the verdict. 1 Gilm. 420 ; 23 Ill. 90 ; 22 Ill. 415.

2nd. Because it does not appear on the face of the bill of exceptions, that it was taken and signed at the time of trial. 5 Gilm. 453 ; 11 Ill. 84 ; 21 Ill. 639.

3rd. Because the record shows that this cause was tried twice, and there is nothing in the bill of exceptions showing whether it was taken on the first or last trial. The court cannot presume that it was taken upon the last trial. If taken on the first, it would not suffice for the last trial. 1 Scam. 134.

4th. Because there is nothing in the whole record showing that the bill of exceptions was ever filed or signed.

Plaintiff's first instruction was properly refused, because the mortgagee's absence in St. Louis does not in any way show that he could not have reduced the mortgaged property to possession through the instrumentality of an agent.

The party or his agent should be at hand to reduce the property to possession. *Reed* v. *Eams*, 19 Ill. 594.

Plaintiff's second instruction was properly refused, because the evidence shows that mortgagor and mortgagee resided in the same county, within ten miles of each other, thus bringing the case within the rule laid down in *Reed* v. *Eams*, and in *Cass* v. *Perkins*, 23 Ill. 382, that the transaction is fraudulent *per se*, and incapable of explanation.

The instructions given by the court in lieu of plaintiff's declare the law.

Defendant's instructions declare the familiar principle that a mortgage made without a valuable consideration, is fraudulent and void as to the creditors of mortgagor, and the fact that there might have been some consideration for the mortgage, will not remove the fraud established by the transactions of the parties in executing a note and mortgage for nearly double the actual consideration.

The evidence is abundantly sufficient to sustain the verdict.

WALKER, J. The bill of exceptions in this case, does not purport to contain all of the evidence. That being the case, the correctness of the finding of the jury is not involved. It has been uniformly held, that in the absence of such a statement, all of the presumptions are in favor of the verdict, and that it was supported by the evidence on the trial.

No objection is perceived, to the refusal of the court to give plaintiff's instructions as asked. The first asserts, that the absence of the mortgagee in St. Louis at the time, and for the period of two days after the maturity of the mortgage, was a sufficient excuse for failing to foreclose, by reducing the mortgage property to his possession, until four days had elapsed after its maturity. It is perfectly obvious that with a very slight degree of diligence, the mortgagee could have reduced the property to possession. The parties resided in the same county, but a few miles apart, and had the mortgagee appointed an agent, no reason is perceived why it might not have been done on the day the mortgage fell due just as well and at a trifling cost. On his return he acted through an agent in reducing the property to possession. To allow such a defense, would be to dispense with all diligence, and to permit the mortgagee to consult his own convenience, inclinations or interest, in pursuing his rights at the expense of other parties.

The second instruction asserts that the question is one of fact, and is only for the consideration of the jury, in the light of all the surrounding circumstances. In cases like this, it is a mixed question of law and fact, and is not wholly within the province of the jury to determine. It is for the court to determine what time under the circumstances is reasonable,

and then the jury will say whether the mortgage was foreclosed within that time.

It is, however, urged that the court erred, in giving defendant's instructions. They assert that the note must have been given for a valuable consideration, to its full amount, and if given for a greater sum than was owing by the mortgagor, that fact rendered the mortgage fraudulent. If this is the correct rule in such cases, the slightest mistake, however honest the purposes of the parties, if made in favor of the mortgagee, would be attended with all the consequences of the grossest fraud deliberately perpetrated with the design to hinder and delay creditors. It is a rule of almost uniform application, that to constitute a fraud in fact, the act producing the wrong must be intentionally performed. If this note and mortgage were executed with design and not by inadvertence, for too large a sum, to enable the mortgagor to shield his property from his creditors, or to enable him to impose upon the public, then it would have been fraudulent and void.

In this case there was evidence uncontradicted, intended to explain and show, that the note was taken for too large a sum purely by accident, and that the transaction was entered into in good faith. Whether such was the case was for the jury to determine. The instruction cut off all inquiry into the *bona fides* of the transaction. Before it was given it should have been so modified, as to inform the jury that if they found the transaction was entered into honestly and in good faith, although the mistake had occurred, the instruments would be valid; but if it was fraudulent, then they should find them void. In this the instruction was calculated to mislead the jury. The judgment of the court below must be reversed, and the cause remanded.

*Judgment reversed.*