---

J. F. SPIKER ET AL. v. W. A. EIKENBERRY, Appellant.

**Nuisance:** INJUNCTION: GROUNDS. Injunction will not lie to restrain the owner of vacant lots in a city from permitting, without compensation, the use of the same for playing baseball by those who so desire, on the ground that the batted ball is likely to fall on adjacent premises.

*Appeal from Lucas District Court.*— HON. C. W. VERMIL-
LION, Judge.

THURSDAY, FEBRUARY 7, 1907.

REHEARING DENIED MONDAY, JUNE 10, 1907.

ACTION to enjoin the defendant, who is the owner of
certain vacant lots in the city of Chariton, from allowing the
premises to be used for the playing of baseball, and for public
shows.    The court decreed that defendant be enjoined " from
using said premises or knowingly permitting the use thereof
by others for the playing of baseball or other games of ball
wherein the ball is thrown or batted," and dismissed that por-
tion of the petition, asking relief from the use of said
grounds for shows.    Defendant appeals.— *Reversed.*

*Will B. Barger, Stuart & Stuart,* and *Chas. A. Murray,*
for appellant.

*Dungan & Atten,* for appellees.

McCLAIN, J.— It appears that defendant is the owner of
the west six lots of the north half of an outlot in the city of
Chariton, which outlot constitutes a subdivided block of said
city, and that the Chicago, Burlington & Quincy Railroad
Company is the owner of the east two lots, constituting the
remainder of the north half of said outlot.    Plaintiffs are
the owners of lots in the south half of the block, which are
occupied for residence purposes.    The complaint made by
plaintiffs is that defendant allows his lots to be used from
time to time as a place for holding shows, games, and exhi-
bitions, which necessarily produce great annoyance to plain-
tiff's comfortable use of their property, by reason of the
noise, profanity, and trespassing upon plaintiff's property by
going thereon to recover balls, sitting on fences and buildings
adjoining the grounds, and other annoyances to plaintiffs

incident to the use of the premises for the playing of games of baseball. It is also charged that during the year 1904 defendant rented his grounds for the use of shows which would arrive at night, and by the rattling of wheels, shouts of the drivers, neighing of horses, and howling of wild animals, make a continuous uproar nearly all night, causing annoyance to plaintiffs. Defendant in his answer admits the ownership of the property, but denies that he ever leased, permitted, or consented to the use of his property for the purposes complained of, and alleges that his lots are open and unfenced, adjoining a railroad right of way, and that for more than thirty years, and for at least ten years before the erection of any houses on the south half of the block, they had been used as the place for shows, and for the playing of baseball; and further that it would be impossible, without incurring the expense of fencing the lots and employing watchmen to keep boys from playing ball thereon.

With reference to the complaint of annoyance caused by the use of defendant's premises for shows, the allegations of plaintiffs' petition as amended are probably not sufficient to entitle plaintiffs to any relief, for the specific allegations are only as to the renting of the premises by defendant on three occasions for show purposes during the year 1904, and it is not satisfactorily made out that there has been any continuous use, real or threatened, for such purposes. The trial court found from the evidence that the noises chiefly complained of with reference to the shows, resulted from the loading and unloading in the railroad yards, for which defendant could not be held responsible. As the plaintiffs have served no notice of appeal from the action of the trial court in dismissing plaintiffs' petition, so far as it relates to the use of defendant's premises for show purposes, that branch of the case need not be further considered.

With reference to the playing of baseball on defendant's lots the trial court found that defendant was not responsible for some of the incidents thereof, such as drinking in the

alley adjoining plaintiffs' lots, and trespasses committed by those who go upon plaintiffs' premises to recover balls which are knocked there in connection with the games. But it is found that an inevitable result of the playing of ball on defendant's premises is the batting of the ball upon the premises of plaintiffs which constitutes such an obstruction to the free use of plaintiffs' property as essentially to interfere with the comfortable enjoyment thereof by the occupants. The question now for determination is whether defendant should be enjoined from knowingly permitting the use of his lots for the playing of ball, the result of which is likely to be the batting of the ball upon the premises of plaintiffs.

We have not here a case where the nuisance complained of is the condition of defendant's property interfering with the comfortable enjoyment of adjoining premises. Undoubtedly the owner of property may be required to keep it in such condition as not to unreasonably interfere with the safety and comfort of those occupying the adjoining premises. *Gray v. Boston Gas Light Co.,* 114 Mass. 149 (19 Am. Rep. 324); *Mahoney v. Libbey,* 123 Mass. 20 (25 Am. Rep., 6); *Campbell v. Seaman,* 63 N. Y. 568 (20 Am. Rep. 567); *Attorney General v. Heatley* (1897) 1 Ch. Div. 560. Nor is this a case where the owner of premises by employing or leasing them for profit for a use constituting a nuisance to the adjoining occupants of property renders himself directly responsible for nuisances necessarily resulting from such use. In such cases the owner may unquestionably be held responsible for the results flowing from the uses which he makes, or for his own advantage allows others to make, of his premises. *Gilbough v. West Side Amusement Co.,* 64 N. J. Eq. 27 (53 Atl. 289); *Seastream v. New Jersey Exhibition Co.,* 67 N. J. Eq. 178 (58 Atl. 532); *Cronin v. Bloemecke,* 58 N. J. Eq. 313 (43 Atl. 605); *Walker v. Brewster,* L. R. 5 Eq. Cas. 25; *Inchbald v. Robinson,* L. R. 4. Ch. App., 388; *Rex v. Moore,* 3 Barn. & Ad. 184. Here the premises are

not, in themselves, the occasion of any injury to plaintiffs, nor is the defendant doing or threatening to do any act thereon which will be injurious to plaintiffs. If persons without authority of the defendant, and without his consent, go upon his vacant lots and engage in acts which threaten injury or annoyance to plaintiffs, it would seem that the persons causing or threatening to cause such injury or annoyance are the persons to be complained of, and not the defendant. The rule applicable to such a case as this seems to us to be correctly expressed in this sentence from the opinion in *Seastream v. New Jersey Exhibition Company,* 67 N. J. Eq. 178 (58 Atl. 532): "No responsibility cognizable in this court attached to the owners of the vacant lots who simply permitted any parties who chose to come along and play baseball there without any pecuniary profit to anybody except the common carriers who transported them." This language may perhaps be *dictum* in the case in which it is uttered, but it correctly expresses the rule which ought to be applied in the present case. The playing of the game of baseball is not a nuisance *per se* against which persons living in the vicinity where the game is played may necessarily be entitled to equitable relief. *Alexander v. Tebeau,* 24 Ky. Law Rep. 1305 (71 S. W. 427). And the evidence does not show that the game as played on defendant's lot has been so played as to constitute a nuisance. These games have been attended by ministers of the gospel and ladies of the first social circles in the city, and have been found by them unobjectionable so far as the conduct of the players has been concerned. As we understand it, the sole ground on which the trial judge granted the injunction was that the ball was likely to be sometimes knocked foul in such a way as to fall upon plaintiff's premises. It might perhaps be well said that, so far as this has occurred in the past, the defendant ought not to be held liable, for the batter and catcher have stood upon the lots belonging to the railway company, which is not a party defendant in this suit. But without regard to any such

rather technical excuse, it is sufficient to say that no responsibility for the knocking of the ball upon the premises of the plaintiffs can be laid at the door of the defendant, and the court ought not to have charged him with the responsibility of actively preventing the use of his uninclosed lots by those who may see fit to engage in ball games there without his affirmative consent.

In answer to the argument that defendant might take proper steps to prevent the wrongful act of going upon his lots without permission and thereby avoid the consequent injury to plaintiffs, it may be said that plaintiffs have just as adequate a remedy as against persons who knock balls into their yards, and we think it more reasonable that plaintiffs be required to take the necessary steps against the actual wrongdoers than that the burden be thrown upon defendant, who is not a participator in any wrong against plaintiffs, to prevent such conduct on his premises as will result in plaintiffs' injury.

Appellant's motion to strike appellees' argument in reply is sustained.

We think the trial court erred in granting a degree against the defendant, and its judgment is therefore *reversed*.