with the very thing which defendant asked plaintiffs to do. Allowing Cary & Sons to cancel the contract necessarily implied return to them of the consideration received therefor. Even though the defendant did not know at the date of the promise that such payment had been made, this would not affect the question. Plaintiffs did not deceive him by any fraudulent concealment or misrepresentation, and there is nothing to indicate that defendant's conduct would have been in any way influenced by such knowledge.

The judgment and order appealed from should be affirmed, with costs. All concur.

---

YOUNG v. NEW YORK, N. H. & H. R. CO.

(Supreme Court, Appellate Division, Second Department. March 4, 1910.)

1. NUISANCE (§ 61*)—BASEBALL PLAYING.
   Baseball playing is not a nuisance per se.
   [Ed. Note.—For other cases, see Nuisance, Cent. Dig. §§ 142–151; Dec. Dig. § 61.*]

2. NUISANCE (§ 61*)—BASEBALL PLAYING.
   Playing ball, by knocking up fly balls, was conducted in an open space between 200 and 300 feet square in a town with a population of 2,900. The tract was adjacent to a railroad station, and bounded on other sides by streets, one of which was used as a turnout for trolley cars. The post office was about half a block away. The town clerk's office was on a corner opposite the tract, and there was an insurance office on one of the streets opposite it, but separated from it by about 20 feet. The kind of play had been in practice for many years almost daily, without injury to any one prior to an accident to a pedestrian, struck by a ball while passing on an adjacent street. Held to show, as a matter of law, that the ball playing was not a nuisance.
   [Ed. Note.—For other cases, see Nuisance, Cent. Dig. §§ 142–151; Dec. Dig. § 61.*]

Appeal from Trial Term, Westchester County.

Action by Sarah Young against the New York, New Haven & Hartford Railroad Company. From a judgment of dismissal at the close of the case of plaintiff, she appeals. Affirmed.

Argued before HIRSCHBERG, P. J., and JENKS, BURR, CARR, and THOMAS, JJ.

Frederick W. Sherman, for appellant.
Charles M. Sheafe, Jr., for respondent.

JENKS, J. The plaintiff seeks to recover damages for personal injuries on the theory of a nuisance. She was passing in a street adjacent to land owned by the defendant whereon persons were playing ball, when a ball batted by one of the players struck her. It is not contended that the defendant maintained or promoted the ball playing or had any concern therewith, but that the defendant is liable because it permitted and did not prevent it. The learned court dismissed the plaintiff at the close of her case, despite her request that the questions be submitted to the jury whether this ball playing was dangerous, and

---

*For other cases see same topic & § NUMBER in Dec. & Am. Digs. 1907 to date, & Rep't Indexes

therefore a nuisance, and whether the frequency of the ball playing in proximity to the defendant's station and in the presence of its servants was proof of knowledge and notice thereof to the defendant, and whether the defendant took part in the maintenance of a nuisance with consequent liability for this injury.

Ball playing is not a nuisance per se. Alexander v. Tebeau, 71 S. W. 427, 24 Ky. Law Rep. 1305. Was there evidence that this ball playing was attended with such a degree of danger as made it likely that it would work hurt upon a traveler in that street at the time of such playing, so that there was a question for the jury as to whether it constituted a nuisance as to the plaintiff? Melker v. City of New York, 190 N. Y. 481, 83 N. E. 565, 16 L. R. A. (N. S.) 621.

The tract of land is in the town of Harrison, which has a population of 2,900. The extent of its territory and the comparative density of its population are not before us. That tract is an open space between 200 and 300 feet square. It lies adjacent to the railroad station of the defendant. Another side is bounded by a street named Halsted avenue, and yet another side by a street named Harrison avenue, which crosses the defendant's tracks by a bridge. On one of the streets is a turnout for trolley cars. The post office is on Harrison avenue, a little more than half a block away. The town clerk's office is on a corner opposite this tract, and there is a small insurance office on one of the streets opposite this tract, but also separated from it by a level space of 20 feet. There were no other buildings on the square, save that the principal business block is situated on Harrison avenue. The tract is level and consists of "common dirt." It has always been open to the public, who cross it on foot and in vehicles, and the hackmen, when waiting for passengers from the trains, have their stands there.

Practically I take it this tract is like unto the open place or waste which is often called the "village green." Ofttimes at noon, and very frequently on late summer afternoons or evenings, men and boys played ball upon this land. Occasionally the ball would be thrown from one to another, but chiefly the play consisted in one player striking the ball by bat or stick into the air, that one of his companions might catch it before it fell to the ground. Colloquially the sport consisted in "knocking up fly balls." There were no contests of sides like baseball or cricket. There is this difference between the game played and that of baseball. In this game the player attempts to strike the ball up into the air in the general direction of the players, who have no particular stations, so that one of the players may be able to catch it ere it falls to the ground. In baseball the batsman aims to strike the ball within the side lines of defined territory whereon the players are stationed at certain points, but out of the reach of his opponents, and generally not up into the air, lest one of them may catch it ere it falls. While in baseball the territory with reference to the right or left hand of the batsman may be defined more definitely, in this game the batsman does not strive to drive the ball out of the reach of the other players. I speak of these features in consideration of the feature of danger to outsiders.

There is testimony that in the games played on this tract the ball remained in the open space about half the time, and that for the other

it went out into the street. This kind of play had been in practice for many years almost daily, and there is no proof that there was any injury resultant therefrom save the accident in this case, save that once two windows in the insurance office were broken, and save that a witness testifies that once she "very nearly got hit." Of course, such play might by the surrounding circumstances present a question for the judges of fact as to whether it was a nuisance; e. g., in a small open space in the densely settled part of a teeming city, where there was a procession of passers-by and of vehicles in close proximity. But, under the surrounding conditions of the case at bar, I think that there was not sufficient evidence to carry that question to the jury.

The judgment is affirmed, with costs. All concur.