C. D. RIFFEY, O. P. Nustad, M. Lemmons, Appellants, v. IRA RUSH, Frank Eicher and Minot Baseball Club, Respondents.

(199 N. W. 523.)

**Nuisance — order denying preliminary injunction held not abuse of discretion.**

1. Where it is alleged in the complaint that a contemplated baseball park, to be maintained near the homes of the plaintiffs, will be a nuisance because of the manner of conducting games of baseball therein and the large, noisy crowds that will congregate on the premises, it is *held*, for reasons stated in the opinion, that an order of the trial court, denying a preliminary restraining order during the pendency of the action, is not an abuse of discretion, where the injury alleged is threatened and wholly prospective and there is room for conflicting opinions as to whether a nuisance will result.

**Nuisance — baseball game not nuisance per se.**

2. A baseball game is not a nuisance per se.

Opinion filed June 21, 1924.

Injunctions, 32 C. J. § 12 p. 33 n. 34. Nuisances, 29 Cyc. p. 1152 n. 1; p. 1156 n. 26; p. 1166 n. 96; p. 1222 n. 45, 46; p. 1223 n. 49, 50, 51; p. 1240 n. 79, 80. Sic Utere, etc., 36 Cyc. p. 436 n. 4.

Appeal from the District Court of Ward County, North Dakota, *Lowe, J.*

---

Note.—(1) Right to enjoin threatened or anticipated nuisance, see notes in 7 A.L.R. 749; 26 A.L.R. 937; 32 A.L.R. 724; 20 R. C. L. 478; 3 R. C. L. Supp. 1079; 4 R. C. L. Supp. 1364; 5 R. C. L. Supp. 1111.

(2) Baseball park as nuisance, see note in 33 A.L.R. 727; 20 R. C. L. 419; 4 R. C. L. Supp. 1362.

Affirmed.

*E. R. Sinkler* and *G. O. Brekke,* for appellants.

The statute cannot give the right to one to inflict a nuisance on another with redress either in damages or by injunction. 1 L.R.A.(N.S.) 49–143; 46 L.R.A.(N.S.) 111.

The playing of baseball at which noisy crowds gather is a nuisance. 19 Ann. Cas. 993; Alexander v. Tebeau, 18 Ann. Cas. 1092; Spiker v. Elkenberry, 14 Ann. Cas. 175; Cronin v. Bloemacke, 43 Atl. 1605; Seastrom v. New Jersey Ex. Co. 58 Atl. 532; Gilbrough v. West Side A. Co. 53 Atl. 289.

The noise arising from the exercise of a lawful amusement may be a nuisance when it materially interferes with the comfort of those in the vicinity. 21. Enc. Law, 698 and notes.

Operating a shooting gallery near a hotel is a nuisance and a temporary injunction will issue. Grantham v. Gibson, 3 L.R.A.(N.S.) 447, note.

In a suit to restrain the operation of a dancing pavilion across the street 90 feet away from complainant's residence, evidence as to noises and disturbances preventing complainant and his family from going to sleep and as to loss of tenants and reduction of rents held sufficient to sustain a finding of injury to complainant's property and persons so that a temporary writ of injunction was properly issued. Parker v. Trueheart, 246 S. W. 428.

Noise of such a character as to cause discomfort to persons of ordinary sensibilities is a nuisance. Blowman v. Barstow Co. 44 L.R.A. (N.S.) 236, note.

It is a well-settled doctrine that a court of equity has jurisdiction to restrain the erection of a building or other structure or the carrying on of a business because it threatens injury to an adjoining proprietor where the court is satisfied that the act complained of will inevitably result in a nuisance. 73 Am. Dec. 113.

*G. W. Twiford,* and *McGee & Goss (Thos. B. Murphy, Campbell & Funke, Moody O. Eide,* of counsel), for respondents.

A temporary injunction, pendente lite, is not granted as a matter of right, but the granting or refusal of the same is a matter largely in the discretion of the Trial Court and its order will not be disturbed except in case of a clear abuse of discretion. Sand v. Peterson, 30 N. D. 171,

152 N. W. 271; State ex rel. Dakota Tel. Co. v. Huron, 23 S. D. 153, 120 N. W. 1008.

It is a general rule that an injunction will be denied in advance of the creation of an alleged nuisance, when the act complained of may or may not become a nuisance, according to the circumstances or when the injury apprehended is doubtful, contingent or merely problematical. 20 R. C. L. 478, § 91; Swaim v. Morris, 125 S. W. 432; 20 Ann. Cas. 930, note; Windfall Mfg. Co. v. Patterson (Ind.) 37 L.R.A. 381, 62 Am. St. Rep. 532, 47 N. E. 2; Louisville Athletic Club v. Nolan (Ky.) 23 L.R.A.(N.S.) 1019; Nelson v. Swedish Cemetery Asso. (Minn.) 126 N. W. 723, 34 L.R.A.(N.S.) 565 and note, 127 N. W. 626, 20 Ann. Cas. 790; Cherry v. Williams (N. C.) 125 Am. St. Rep. 566, 15 Ann. Cas. 715; Chambers v. Cramer (W. Va.) 54 L.R.A. 545.

But where the act or thing threatened or apprehended is a nuisance per se or will inevitably become such an injunction to restrain it will ordinarily be granted.   20 R. C. L. 478.

The complainant must show, however, that the injury to him will be a natural or inevitable consequence of the act, thing or use of property which he seeks to restrain.   The mere fear that it will result in injury to him is insufficient.   20 R. C. L. 487, § 91; 2 Ann. Cas. 253 and note.

There must be an extreme probability of irreparable injury to justify granting an injunction to restrain an alleged threatened nuisance. 1 McLean, 337, Fed. Cas. No. 13,245, and 7 A.L.R. 757, note.

The game of baseball certainly is not a nuisance per se, nor is it a nuisance as a matter of fact when played in a decorous manner in a proper place, even when the day is the Sabbath.   20 R. C. L. 419, § 34.

A mere allegation as to inadequacy of legal remedy or as to the irreparable character of the injury without an averment of facts to support the conclusion is insufficient.   20 R. C. L. 479, § 92.

Injunctions will not issue ordinarily where the effect of the nuisance is merely to reduce the value of the complainant's property or to increase insurance rates.   20 R. C. L. 479, § 92, citing: Realty Co. v. Deere (Mo.) 14 L.R.A.(N.S.) 822, 106 S. W. 496; Rhodes v. Dunbar, 57 Pa. 274, 98 Am. Dec. 221: also 2 Ann. Cas. 252 note, and 7 A.L.R. 762, note citing: Cases from U. S. Cal., Mo. N. J., Penn., Tex., Wash., and English Reports.   See also recent case of Rea v.

Tacoma Mausoleum Asso. (Wash.) 174 Pac. 961, 1 A.L.R. 541 and note thereto.

A preliminary injunction will be refused where the defendant's damages and injuries will be greater by granting the injunction than will be the plaintiff's benefits therefrom. 20 R. C. L. 480, § 93.

To become actionable the effect of sound must be such as naturally to interfere with the ordinary comfort, physically, of human existence and the inconvenience must be something more than fancy, delicacy or fastidiousness. 1 A.L.R. 544.

JOHNSON, J. This is an appeal from an order of the district court of Ward county, denying a preliminary restraining order during the pendency of the action.

Plaintiffs, residents of Minot, commenced this action for the purpose of enjoining the defendants from erecting a grand stand and fence in and around a place intended to be used for a baseball park; from playing baseball on the premises; and from allowing large crowds of boisterous and noisy persons to gather and trespass on the premises of the defendants.

The plaintiffs allege that they are the owners of certain property situated in the city of Minot and have resided thereon with their families for a number of years; that the defendant Eicher is the owner of certain premises described in the complaint and that the defendant Rush has commenced building operations for the purpose of erecting a grand stand and maintaining a baseball park upon the premises belonging to the defendant Eicher; that the premises occupied by some of the plaintiffs are situated adjacent to and abut upon the property of the defendants on which the grand stand is to be, or is being constructed; that the ward in which all of the property is situated has been for many years used exclusively for residence purposes and is one of the residence districts of the city of Minot; that a public school building is situated within about 150 feet from the contemplated ball park. Several churches are named which are located within about 1,000 feet. It is alleged that for several years last past and since they became residents in the district aforesaid, plaintiffs have not been subjected to the inconvenience of disagreeable noises caused by public sports and ball games and that they built their homes without expectation of such an-

noyance. It is alleged that about the 12th of May the defendant Rush obtained permission from the city of Minot to construct upon the premises of defendant Eicher a grand stand and fence enclosing the same; that the defendant Rush was notified by property owners in the vicinity of the contemplated ball park that application would be made to the courts to enjoin him from conducting games of baseball upon the premises, should he proceed with the plan. It is alleged that the defendant Rush has leased the premises from Eicher for a term of years with the intention of conducting games of baseball thereon; that admission will be charged, the public invited to attend the games; and that large and boisterous crowds will naturally gather upon the premises and trespass upon the property abutting thereon, or in the vicinity thereof. It is alleged that large crowds of disorderly persons will gather in the neighborhood of the homes of the plaintiffs while the games are in progress; that in going to and coming from such ball park persons will use vile language, make much noise and disturb the peace and quiet of the neighborhood; that automobiles will be parked nearby in great numbers, with resulting noise, dust and annoyance. It is alleged that the lands of the plaintiffs will be trespassed upon by such persons; that balls will be batted upon the premises and that in reclaiming the same trespass and injury will be committed against the property of the plaintiffs and that gardens, trees and shrubbery will be trampled and injured, to the irreparable damage of the plaintiffs. It is alleged that the property of plaintiffs, abutting as it does upon that of the place where the baseball games will be conducted, will be lessened in value; that it will be dangerous for persons to be upon the premises in this, that balls batted by the players will constantly fall thereon. Plaintiffs allege that they will be damaged in a large sum and bring this action for themselves and in behalf of all others similarly situated.

It appears from the complaint that the defendant has commenced work upon the grounds and perhaps upon buildings preparatory to the staging of games of baseball. It is said that if the work be not enjoined, a large number of actions for damages will result and that the defendant Rush is insolvent and that the defendant Eicher is a nonresident of the state, while the Minot Baseball Club has no property and a judgment against it would be worthless. It is alleged that the entire neighborhood will be rendered unfit for residence purposes be-

cause of the nuisance created by the playing of games, of the crowds of boisterous and noisy persons who will be attracted thereto; that about 1,000 men, women and children live in residences within 1,500 feet of the contemplated ball park. It is alleged that the complainants have no other speedy and adequate remedy at law; that persons will park their automobiles upon the streets in front of the residences of the plaintiffs and that crowds alighting therefrom will trespass upon the property of the plaintiffs and disturb the peace and quiet of the community; that while games are in progress the crowd assembled to witness the sport will become hilarious and will applaud vociferously and make themselves heard at a great distance in and around said ball park. It is alleged that the home plate of the proposed diamond is within 150 feet of the public school building known as the McKinley School; that children play upon the premises, and that they will be in danger from balls that will be batted upon the school grounds.

The allegations of the complaint are supported by the affidavits of the plaintiffs and over fifty other persons whose property either abuts upon the contemplated ball grounds or else is in the near vicinity thereof. It appears further that some of the plaintiffs, or persons whose affidavits were filed in support of the plaintiffs' complaint, reside within 260 feet of the home plate; that the park is approximately 324 feet wide from east to west; that adjoining the park on the west are several residences or residence lots within probable batting distance of the home plate; that there are several residence lots abutting upon the south end of the ball park apparently within a very short distance of the grand stand.

The defendant Rush filed his own affidavit, in which he squarely denies the allegations of the complaint and of the affidavits in support thereof to the effect that the games of baseball to be conducted in the contemplated baseball park will be conducted so as to constitute a nuisance; he asserts that the games will be quietly conducted; that there will be no large crowds of disorderly or idle persons who will use loud or vile language, but that the best citizens of Minot, including priests and ministers of the gospel, will assemble there and conduct themselves in an eminently proper manner; "that the games will be played in a quiet and orderly manner under the supervision of the city police" and

that the noise will not disturb the public peace or interfere with the comfort of the plaintiffs or persons similarly situated.

It is not alleged in the complaint that any ball games have been played with the resulting annoyance anticipated by the plaintiffs and described in the complaint and affidavits; the injury complained of is wholly anticipatory and prospective. Upon the question before us, namely, whether it was an abuse of discretion to deny a preliminary restraining order, the authorities cited by the plaintiff and appellant are, therefore, not in point. In all of the cases baseball games apparently had been conducted with resulting annoyance, discomfort, and in some cases actual trespass upon the property of the complainants. In Cronin v. Bloemecke, 58 N. J. Eq. 313, 43 Atl. 605, Gilbrough v. West Side Amusement Co. 64 N. J. Eq. 27, 53 Atl. 289, and Seastream v. New Jersey Exhibition Co. 67 N. J. Eq. 178, 58 Atl. 532, the injury had already been received, ball games had been played, and had been attended with the injurious consequences of which the complainants therein complained. Such is not the situation here.

Paragraph 1 of the syllabus in Sand v. Peterson, 30 N. D. 171, 152 N. W. 271, reads as follows:

"A temporary injunction pendente lite is not granted as a matter of right, but the granting or refusal of the same is a matter largely in the discretion of the trial court, and its order will not be disturbed except in case of a clear abuse of discretion."

In that case it is said that the court will ordinarily deny the application for a temporary injunction where the allegations or equities of the complainant are positively denied by the answer prior to proof. In 20 R. C. L. 478, the rule is stated as follows: "It is a general rule that an injunction will be denied in advance of the creation of an alleged nuisance, when the act complained of may or may not become a nuisance, according to the circumstances, or when the injury apprehended is doubtful, contingent, or merely problematical." Further, in the same section, it is said: "The complainant must show, however, that the injury to him will be the natural or inevitable consequence of the act, thing, or use of property which he seeks to restrain. Mere fear that it will result in injury to him is insufficient." It seems that where the injury apprehended is of a character to justify conflicting opinions as to whether it will ever happen, the court will not ordinarily inter-

fere. Butler v. Rogers, 9 N. J. Eq. 489. In many jurisdictions it is held that there must be a "strong case of probability," or "extreme probability," or a "high degree of probability," or "practical certainty," or that the enterprise will "inevitably prove a nuisance" before a court of equity will interfere and restrain an anticipated injury. 7 A.L.R. 757, note, and cases cited. Injunction is a drastic remedy. Equity will not ordinarily enjoin a threatened or anticipated nuisance unless it appears that one will necessarily result from the contemplated act it is sought to enjoin. 7 A.L.R. 749, note. If, therefore, the plaintiffs' right be doubtful, or the thing sought to be restrained is not a nuisance per se and will not necessarily become a nuisance, but may or may not become such, depending on the use, manner of operation, or other circumstances, equity will not interfere. 7 A.L.R. 753, note and cases cited. In Alexander v. Tebeau, 24 Ky. L. Rep. 1305, 71 S. W. 427, the baseball park proposed to be maintained was on a lot adjoining that of the complainant. The court, notwithstanding, refused to issue a restraining order pendente lite, saying that a baseball game was not a nuisance, per se.

Upon the whole record we are not prepared to hold, as a matter of law, that the trial court abused his discretion in refusing to issue a restraining order during the pendency of the action. It must be remembered that the grand stand and the fence, or the use of the premises as a playground by children, from the record before us, would not necessarily constitute a nuisance. It seems that the plaintiffs fear that the use of the premises for public baseball games, to which admission is charged, and at which crowds congregate, may result in a nuisance. The courts generally have held that a game of baseball is not a nuisance per se, though it may be so conducted as to become a nuisance.

"So use your own property as not to injure the rights of another" is a maxim that lies at the root of the law upon the subject of nuisances. See § 7348, Comp. Laws 1913. Section 7228, subd. 1, Comp. Laws 1913, defines a nuisance as an act that annoys, injures, or endangers the comfort, repose, health or safety of another; and § 7240 gives the injured party the remedy of civil action or abatement.

The plaintiffs assert that they will be greatly annoyed, their comfort and repose endangered, as well as their property injured, if games of baseball are conducted on the premises where defendant Rush is

erecting a fence and a grand stand. It is scarcely open to argument that games of baseball, between teams from rival towns, for example, with large and enthusiastic throngs supporting each team, are not always the models of quiet and good order pictured in the affidavit of defendant Rush. It is a matter of common knowledge that a baseball game of any consequence is, almost without exception, certain to be attended with some noise, loud cheering, badinage—sometimes, but not always, friendly and decorous—and the like, which the utmost good faith and the most strenuous efforts of the proprietors can not entirely control.

That noise alone may be so great at times and under certain circumstances as to amount to an actionable nuisance, seems to be well established. Gilbough v. West Side Amusement Co. 64 N. J. Eq. 27, 53 Atl. 289, per Pitney, J. In considering whether noise amounts to a nuisance, the question whether it is made for a necessary or useful purpose may be taken into consideration. In Gilbough v. West Side Amusement Co. supra, the premises where the games of baseball were conducted were situated 1,000 to 1,200 feet from the complainants' residences and were enclosed by a high board fence. Ball games were played there regularly and the court held, upon the record, that the complainants were annoyed and injured by reason of the loud noise proceeding from the ball grounds to such an extent as to entitle them to relief. In Cronin v. Bloemecke, 58 N. J. Eq. 313, 43 Atl. 605, the annoyances complained of were similar to the annoyances anticipated by the plaintiffs in the case at bar, as a result of the playing of ball games upon the premises of the defendants. It was there alleged that balls were driven upon complainant's grounds, with resulting trespass; that noise, loud, profane and obscene language from the players and spectators were audible to the complainant and his family at his residence; and that thereafter numerous idle and disorderly persons congregated in the neighborhood of the premises of the complainant, while the games were in progress, thereby disturbing the peace and quiet of his home and of the neighborhood. In this case the complainant resided upon premises that adjoined the ball park. A preliminary injunction was granted. These facts appeared in ex parte affidavits, but referred to injuries that already had taken place. In Seastream v. New Jersey Exhibition Co. 67 N. J. Eq. 178, 58 Atl. 532, the court held,

speaking through Pitney, V. C., that the plaintiffs, owners of the land adjoining an enclosed ball ground, were entitled to an injunction against Sunday ball games as a nuisance because of the disturbance and interference with their repose.

The defendant had notice that the plaintiffs would apply to the courts for relief on the ground that the playing of baseball upon the premises adjoining their lots, or within short distance of their homes, would constitute a nuisance. It appears that he has elected to proceed with the work of building the fence and erecting the grand stand notwithstanding such complaints and the application to the courts for relief. It may be that defendant will be able to conduct games of baseball upon the premises without violating the legal rights of the complainants as recognized by the statutes of this state and the common law for centuries past. We are not prepared to hold that it is impossible to conduct a game of baseball that will not constitute a nuisance to residents in the neighborhood. If he cannot so conduct his public games as not to injure the legal rights of complainants and of other persons similarly situated, it will be the duty of a court of equity to restrain him and to protect from infraction the rights of citizens to enjoy repose and quiet in their homes. It is not to be supposed that the courts will fail in their duty in this regard, when the facts are presented requiring the interposition of a court of equity in order to protect persons in the enjoyment of their rights. The case is on the border line. Had the trial court issued the preliminary restraining order and the defendant appealed, we should not have felt disposed to interfere with his discretion.

The order of the trial court is affirmed.

CHRISTIANSON, BIRDZELL, and NUESSLE, JJ., concur.

BRONSON, Ch. J., concurs in result.