## WARREN COMPANY *v.* DICKSON.

No. 11981. JANUARY 14, 1938. REHEARING DENIED FEBRUARY 18, 1938.

*Virlyn B. Moore Jr.*, for plaintiff in error.
*J. Ira Harrelson* and *Jackson L. Barwick*, contra.

JENKINS, Justice. The plaintiff, in his petition for injunction and damages on account of a nuisance, alleged, that he was 67 years old and his wife about 65; that they resided in a leased home, on which they had paid the rent four years in advance, with the privilege of renewal; that directly across the street, about 60 feet from their residence, the defendant owned and operated for profit, with a charge for admission, a field or park for playing baseball games on week nights from Mondays through Fridays, beginning at about 8 and continuing "until 11, 12, and sometimes past midnight," and on Sunday afternoons "until sometimes after sunset," during the months from April 1 until about November 1; that "said games and contests are attended by a great number of people, both grown-ups and children, and that the same are accompanied by loud cheering, razzing of umpires, stamping of feet on the floor

of the grandstand and bleachers, pounding of bottles on the seats, loud and shrill yells and whistling, and raucous cries of the boys vending peanuts and drinks, the majority of the persons attending said games being young persons of minority who become excited or elated over a close play, a good hit, [or] a home run;" that "it is not probable that any base or softball game played out of doors and attended by any number of fans can be played without such accompanying noise, which is annoying and disturbing to one living adjacent thereto, when played at night or on Sunday afternoons;" that from 300 to more than 1,000 or 1,500 people attend these games; that plaintiff is a man of sober habits, and not well, and he and his wife usually retire to sleep between 8 and 9 each night, but their rest and sleep are prevented by said noise from the crowds, and by the glare and bright illumination from the floodlights used for the playing of the games, unless they pull down the shades, and this in "hot weather is not pleasant to do;" that plaintiff and his wife, like people of their age, must have rest and repose the first part of the night, as they can not sleep after sunup or daybreak, and the loss of sleep and nightly rest has impaired their health, and causes irreparable damage to health, peace, comfort, repose, happiness, and injury to their property by destroying it as a home. It was further alleged that the Sunday afternoon games have greatly disturbed the plaintiff's and his wife's rest and repose, "and have greatly disturbed their feelings, they liking, as do all good and Christian people, to obey the Sabbath and keep the same holy and to observe the same as a day of worship and rest, which said games being played in said park directly across from their home will continue to prevent." As to the location of the park it was alleged that this "is a residential portion of the city, and is not a place where ball diamonds and athletic parks and recreational fields are located, and is not a neighborhood suitable therefor." The defendant excepted to the overruling of a general demurrer to the petition, and of a special demurrer, on the ground of irrelevancy, to paragraph 20 quoted in the decision.

1. "A general demurrer should not prevail where any part of the petition is good," though part be bad or part of the relief prayed be not recoverable. *Mayor &c. of Athens* v. *Smith*, 111 *Ga.* 870 (36 S. E. 955), and cit.; *Arteaga* v. *Arteaga*, 169 *Ga.*

595 (4) (151 S. E. 5); *Shingler* v. *Shingler,* 184 *Ga.* 671 (192 S. E. 824), and cit. On a former review of an order refusing an interlocutory injunction against the operation, as an alleged nuisance, of a baseball park at night and on Sunday afternoons, no question had been raised as to the sufficiency of the pleadings; and it was there held that under the conflicting evidence the judge did not abuse his discretion in refusing an injunction. *Dickson* v. *Warren Co.,* 183 *Ga.* 746 (189 S. E. 839). In the instant review of a judgment overruling general and special demurrers to the petition, all properly pleaded averments of fact must be taken as true; and if there is any equity in the petition, with any sufficient basis for an injunction, the judgment must be affirmed, irrespective of insufficient allegations.

2. The determining factor in an alleged nuisance is not its effect upon persons who are invalids, afflicted with disease, bodily ills, or abnormal physical conditions, or who are of nervous temperament, or peculiarly sensitive to annoyances or disturbances of the character complained of. The alleged "inconvenience . . shall not be fanciful, or such as would affect only one of fastidious taste, but it shall be such as would affect an ordinary reasonable man." Code, § 72-101; 46 C. J. 678, and cit. Where noise accompanies an otherwise lawful business or pursuit, the question whether such noise is a nuisance depends upon the nature of the locality as a residence community or otherwise, on the degree or intensity and disagreeableness of the sounds, on their times and frequency, and in all cases, under the preceding rules, on their effect, not upon peculiar and unusual individuals, but upon the ordinary, normal, reasonable persons of the locality. *Hill* v. *McBurney Oil &c. Co.,* 112 *Ga.* 788, 793, 794 (38 S. E. 42, 52 L. R. A. 398); *Ga. R. &c. Co.* v. *Maddox,* 116 *Ga.* 64 (5, 6), 79-83 (42 S. E. 315); *Austin* v. *Augusta Terminal Ry. Co.,* 108 *Ga.* 671, 686-692 (34 S. E. 852, 47 L. R. A. 755); *Mygatt* v. *Goetchius,* 20 *Ga.* 350, 358; Baltimore &c. R. Co. *v.* Fifth Baptist Church, 108 U. S. 317, 329-331 (2 Sup. Ct. 719, 27 L. ed. 739); 20 R. C. L. 445, 446, § 60; 46 C. J. 677, 683-685, §§ 46, 62, 63, and cit.

3. "That which the law authorizes to be done, if done as the law authorizes, . . can not be a nuisance." *Burrus* v. *Columbus,* 105 *Ga.* 42, 46 (31 S. E. 124); *City Council of Augusta* v. *Lamar,* 37 *Ga. App.* 418 (2) (140 S. E. 763). But a normally

lawful business or pursuit, which is not a nuisance *per se,* may become a nuisance *per accidens* by improper manner of operation or improper connected acts. In that event equity will enjoin, not the entire business or part carried on without the injurious acts complained of, but only the improper part or acts constituting the nuisance. *Pig'n Whistle Sandwich Shops* v. *Keith,* 167 *Ga.* 735 (146 S. E. 455); *Thrasher* v. *Atlanta,* 178 *Ga.* 514 (2), 521 (173 S. E. 817, 99 A. L. R. 158); *Standard Oil Co.* v. *Kahn,* 165 *Ga.* 575, 576 (141 S. E. 643); National Refining Co. *v.* Batte, 135 Miss. 819 (100 So. 388, 35 A. L. R. 91).

4. The playing of ordinary games of baseball, or the operation of a park for such games, in a lawful, decent, and orderly manner, and accompanied only by the usual cheers and noise of spectators, where these contests are harmlessly played and enjoyed, is not a nuisance per se. Such games or pursuits may, however, become a nuisance *per accidens,* where there is indecent, disorderly, or improper conduct of the players or spectators; or where, in a residential community, there is accompanying noise, which is excessive and unreasonable, or *which recurs at unusual and unreasonable hours of night,* so as to prevent the sleep of ordinary normal, reasonable persons of the neighborhood. See, as to noise as a nuisance: Spiker *v.* Eikenberry, 135 Iowa, 79 (110 N. W. 457, 11 L. R. A. (N. S.) 463); Royse Independent School Dist. *v.* Reinhardt (Tex. Civ. App.), 159 S. W. 1010, 1012; Young *v.* N. Y. R. Co., 163 App. Div. 730 (121 N. Y. Supp. 517); Alexander *v.* Tebeau, 24 Ky. L. 1305 (71 S. W. 427); Riffey *v.* Rush, 51 N. D. 188 (199 N. W. 523); Bartlett *v.* Moats, 120 Fla. 61 (162 So. 477); Alabama Power Co. *v.* Stringfellow, 228 Ala. 422 (153 So. 629); Tortorella *v.* Traiser, 284 Mass. 497 (188 N. E. 254, 90 A. L. R. 1203); Friedman *v.* Keil, 113 N. J. Eq. 37 (166 Atl. 194, 86 A. L. R. 995); Kobielski *v.* Belle Isle East Side Creamery Co., 222 Mich. 656 (193 N. W. 214); Roukovina *v.* Island Farm Creamery Co., 160 Minn. 335 (200 N. W. 350, 38 A. L. R. 1502); Stodder *v.* Rosen Talking Machine Co., 241 Mass. 245 (138 N. E. 251, 22 A. L. R. 1197); Phelps *v.* Winch, 30 Ill. 158 (140 N. E. 847, 28 A. L. R. 1169); Akers *v.* Marsh, 19 App. D. C. 28; Davis *v.* Sawyer, 133 Mass. 289 (43 Am. R. 519); Schlueter *v.* Billingheimer, 9 Ohio Reprint, 513 (14 Ohio L. J. 224); Feeney *v.* Bartoldo (N. J. Eq.), 30 Atl. 1101; Thoenbe *v.* Mosby, 257 Pa. 1

(101 Atl. 98); 20 R. C. L. 438-440, §§ 53, 54; 46 C. J.· 692, § 95; notes in 67 L. R. A. 983; 17 L. R. A. (N. S.) 288. The allegations as to excessive or unreasonable noise by spectators at the baseball park owned and conducted by the defendant set forth that the games with such noise occurred during five nights of the week, starting at 8 and continuing "until 11, 12, and sometimes past midnight each and every night," directly across the street from the plaintiff's home in "a residential portion of the city;" that such noise prevented the sleep of the plaintiff and his wife, and was a nuisance. Applying the preceding rules to these averments, which on demurrer must be taken as true, it can not be held as a matter of law that this continued late noise in a residential locality would not constitute a nuisance. Even though the petition also showed that the plaintiff and his wife were unusual in age, health, and sleeping habits, such allegations would not preclude a right to determination by a jury as to whether or not the late night noise constituted a nuisance, not because of its prevention of the sleep of unusual persons such as the plaintiff described himself, but because of its prevention of the sleep of the ordinary, reasonable persons of that locality. If under the principles stated such a nuisance *per accidens* were found to exist, injunction would lie, not against all operations or all baseball games in the park, but only those accompanied by the alleged unreasonable late night noise which might be found to constitute a nuisance.

5. A violation of criminal law, such as the pursuit of a business on Sunday in contravention of the Code, § 26-6905, will not be enjoined on the petition of an individual, unless it amounts to a nuisance. See *Dean* v. *State*, 151 *Ga.* 371 (106 S. E. 792). Nor will such a public nuisance, as distinguished from a private nuisance, be so enjoined, unless it causes special damage to the individual, in which the public do not participate. Code, §§ 72-103, 72-102; *Holman* v. *Athens Empire Laundry Co.*, 149 *Ga.* 345, 349 (100 S. E. 207, 6 A. L. R. 1564); 20 R. C. L. 460, § 77. In so far as the petition charged that the playing of baseball games on Sunday afternoons was a nuisance, it was insufficient, because it wholly failed to show any special damage to the plaintiff, not sustained by other members of the public.

6. A special demurrer attacked as irrelevant paragraph 20

of the petition, alleging that "in addition to said noise the crowds attending the games trample upon [plaintiff's] yard after foul balls, and injure his flowers and shrubbery, and disturb the rest and repose of himself and his wife." It was further stated that the home of the plaintiff was across the street from the park. The quoted averments were too vague and indefinite as to the times and frequency of the occurrence to show any nuisance. They further failed to show that the alleged occurrence by crowds was a natural and proximate result of or connection with the operation of the park, such as would render the defendant liable therefor.

7. Under the above holdings, the court properly overruled the general demurrer to the petition in its allegations as to late night noise in a residential section of a city; but erred in overruling the special demurrer to paragraph 20.

*Judgment affirmed in part and reversed in part. All the Justices concur.*