**MILLER, Plaintiff, v. ILES, Defendant.**

Common Pleas Court, Franklin County.

Nos. 193378, 193379.   Decided November 4, 1955.

Sater & Sater, Columbus, for plaintiff.
G. Arlowe Bryant, Columbus, for defendant.

## OPINION

By DRAPER, J.

These cases come before this Court on demurrers to the petitions, in each case on the grounds—

1. That the petitions do not state a cause of action.
2. That the Court has no jurisdiction of the subject of the action.

Since the two cases involve the same issue, we will consider them together.

The separate cases are prosecuted individually by plaintiffs, who are husband and wife, and who occupy a residence at 390 Whitehorne Avenue, Columbus, Ohio, which residence is owned by the wife. Defendant is the owner of the vacant lot immediately adjoining plaintiff's premises on the south.

The following language from the petition of the wife, which is almost identical with that of the husband, will indicate the nature of the complaint:

"For 18 months prior to the commencement of this action, and up to the present time, defendant has negligently used and allowed to be used his said land in that he has allowed and permitted his said land to be used by children, usually minors, for baseball and football games, and as an intermittent meeting place by them. Such games and meetings take place all year long except in deep winter, and on many occasions such games and meetings commence as early as seven o'clock in the morning, and on many occasions continue until deep nightfall. As many as 25 participate in such meetings and games. Such meetings and games are usually accompanied by loud, and sometimes profane, talk and shouting. Such games and meetings have interfered with, and still continue to interfere with, the comfort of plaintiff and her family in the occupancy of her said residence, and make it uncomfortable and impossible to enjoy the ordinary use of such premises as a residence or to pursue the ordinary occupations of life therein in that plaintiff's residence has been frequently struck by balls used in such games and her shrubbery and garden trampled by participants in search of many such balls; plaintiff, her family and friends are in constant danger of being struck by balls used in such games, and plaintiff may no longer use with safety the yard surrounding her residence for gardening, rest or refreshment. Of all of the foregoing plaintiff has made complaint to defendant, but without effect."

Both the husband and wife seek damages from defendant, order that the nuisance be abated, and an order enjoining and restraining defendant from using his land as a ball field and meeting place to the nuisance of plaintiff, or permitting it to be so used.

Taylor v. Cincinnati, 143 Oh St 426, at page 432 holds:

"Strict or absolute liability is always applied where one does anything, or permits anything under his control or direction, to be done, without just cause or excuse, the necessary consequence of which interferes with or annoys another in the enjoyment of his legal right."

We find similar language on page 440 of the same opinion.

The controlling element seems to be "under his control and direction."

At page 435 ibid, we find this language:

"A person who, for his own purposes, brings on his lands and keeps there anything likely to do mischief if it escapes, must keep it at his peril."

Again we find the Court stating that the party to be liable must have been an activating influence.

Seastream v. New Jersey Exhibition Co., 67 N. J. Eq. 178, 58 Atlantic 532, was a case where admission was charged for a ball game operated by defendant. Injunctive relief was there allowed.

In the case of Spiker v. Eikenberry, Iowa, 110 N W, 457, on facts almost identical with the case at bar, the Court on page 458 holds:

"Here the premises are not, in themselves, the occasion of any injury to plaintiffs, nor is the defendant doing or threatening to do any act thereon which will be injurious to plaintiffs. If persons without authority of the defendant, and without his consent, go upon his vacant lots and engage in acts which threaten injury or annoyance to plaintiffs, it would seem that the persons causing or threatening to cause such injury or annoyance are the persons to be complained of, and not the defendant."

Ness v. Independent School District, Iowa, 298 N. W. 855. This case involves a school ground next to plaintiff's home where ball was played. The Court granted a restraining order "restraining and enjoining the defendant from so directing or conducting the games to be played on said playgrounds as to trespass on plaintiff's property * * *."

In this case the defendant was in control of those using the playgrounds.

In Peden v. Furman University, et al., S. C. 151 S. E. 907, the defendant leased its ground for baseball. Injunction granted.

In Riffey v. Rush, N. D. 199 N. W. 523, defendant was building a ball park. Injunction granted. At p. 525 we find the maxim, "So use your own property as not to injure the rights of another." The word here is "use," implying affirmative action.

Hennessy v. City of Boston, Mass., 164 N. E. 470. Here there was a public playground operated by the city. Injunction granted.

Thus we conclude from a study of the cases cited herein that to constitute in the plaintiffs a right to enjoin a defendant for a nuisance, the defendant must have "used," had the "direction or control" of parties using, "maintained" for the purpose set forth, or "performed" some overt act to show that he had some part in the act complained of by the various plaintiffs.

In this case we are confined by the demurrer to the face of the petition. Plaintiffs have not pleaded facts which show that defendant has any "control or direction" over those who have used his property as a playground, and therefore the petition does not show a cause of action against this defendant.

Demurrer is sustained. Leave to amend within rule.