## Shryock *v.* Association of United Fraternal Buyers, Inc., Appellant.

Argued March 14, 1939.

Before KELLER, P. J., CUNNINGHAM, BALDRIGE, STADTFELD, PARKER, RHODES and HIRT, JJ.

*Wesley H. Caldwell,* with him *A. Sidney Johnson, Jr.,* and *John P. Boland,* for appellant.

*Raymond DeS. Shryock,* for appellee.

OPINION BY STADTFELD, J., April 21, 1939:

J. Richard Shryock, trading as Shryock Radio Company, brought a bill in equity to enjoin the Association of United Fraternal Buyers, Inc., from selling RCA Victor radios at less than the minimum price stipulated in any contract entered into pursuant to the provisions

of Section 1 of the "Fair Trade Act" of June 5, 1935, P. L. 266; to recover damages alleged to have been sustained because of a sale made by the Association in violation of the Act; and to obtain such other and further relief as may seem just and proper under the circumstances.

The cause came on for hearing on bill, answer and proofs, before DAVIS, P. J., sitting as chancellor. The findings of fact as set forth in his adjudication, are substantially as follows: Shryock Radio Company is a retail dealer of RCA Victor radios which bear the trademark, brand or name of the producer or owner. The Association of United Fraternal Buyers, Inc., is a corporation engaged in selling commodities and trademarked merchandise at less than the retail or list or advertised price, to its members, or to its dependents, or to members of affiliated organizations. On or about October 1, 1937, Raymond Rosen & Company, distributors of RCA Victor radios entered into a contract with plaintiff and other retail dealers, pursuant to the provisions of the Act of June 5, 1935, P. L. 266, for the resale price maintenance of RCA Victor radios to the general public. On or about October 7, 1937, the defendant Association sold an RCA Victor radio to one Samuel A. Armstrong, a member of the general public, at less than the price stipulated in the contract entered into between the distributor, Raymond Rosen & Company, and the retail dealer, Shryock Radio Company. At the time of this sale, the Association had no knowledge of the contract entered into between the distributor and retail dealer of RCA Victor radios.

A decree nisi was entered against the defendant Association. Exceptions filed thereto and to the findings of fact and conclusions of law were dismissed in an opinion entered by the court en banc. Thereupon the final decree, from which this appeal is taken, was entered in the following form: "And now, October 26, 1938, upon

consideration of the foregoing case, and after hearing of exceptions to the decree nisi herein, dated June 27, 1938, it is ordered, adjudged and decreed, as follows: That the defendant Association of United Fraternal Buyers, Inc. be and the same hereby is perpetually restrained from wilfully and knowingly advertising or offering for sale, or selling, RCA Victor radio or phonographs, or any commodity which bears, or the label or content of which bears, the trademark, brand or name of the producer or owner of such commodity, at less than the retail price stipulated in any contract entered into, pursuant to the provisions of the Fair Trade Act of June 5, 1935, P. L. 266. The parties to this proceeding to pay their respective costs herein."

Section 2 of the Act of June 5, 1935, P. L. 266 (73 PS 7-11) provides as follows: "Wilfully and *knowingly* advertising, offering for sale, or selling any commodity at less than the price stipulated in any contract entered into pursuant to the provisions of section one of this act, whether the person so advertising, offering for sale, or selling is, or is not, a party to such contract, is unfair competition and is actionable at the suit of any person damaged thereby." (Italics supplied). It is clear that this section makes unfair competition actionable and defines unfair competition, within the meaning of this Act, as engaging, wilfully and *knowingly,* in certain enumerated trade practices, including the selling of any commodity at less than the price stipulated in any contract entered into pursuant to the provisions of the said Act.

Among the conclusions of law contained in the adjudication of the cause by the chancellor, and adopted by the court en banc, the following is to be found: "3. The evidence is wholly lacking that the defendant 'knowingly' engaged in unfair trade competition in the sale of the RCA radio, Model 86-T of 1938 to S. A. Armstrong, at less than the price stipulated in the agreement en-

tered into between plaintiff and the distributor." A review of the testimony supports this conclusion.

In view of this conclusion, no alleged act contrary thereto and unsupported by the evidence can be made the basis for a prayer for equitable relief, nor for the granting of an injunction. For the conclusion itself makes it obvious that the party against whom such relief is sought is beyond the reach of the Act of Assembly. The Supreme Court of the United States, upholding the validity of the Fair Trade Act of Illinois [1] in *Old Dearborn Distributing Co. v. Seagram-Distillers Corp.* 299 U. S. 183, 199, 57 Sup. Ct. 139, 144, stated in the opinion by Mr. Justice SUTHERLAND: "It is first to be observed that section 2 reaches not the *mere* advertising, offering for sale, or selling at less than the stipulated price, but the doing of any of these things *wilfully* and *knowingly.*" (The court's italics).

Appellee contends, however, that he is entitled to equitable relief irrespective of appellant's knowledge of the agreement made pursuant to the Act of Assembly. This contention is based upon what appellee conceives to be a threat on the part of appellant to sell anything it pleases at a discount in violation of the Fair Trade Act, and appellee points to paragraph 17 of appellant's answer as disclosing such intention. Appellee quotes the following excerpt: " . . . . . . it (defendant) intends to continue selling goods trademarked or otherwise at discount from regular list prices, solely to its purchasing members, . . . . . . ". Justice to appellant requires that that sentence be completed according to that paragraph which continues as follows: " . . . . . . but that *it has no intention,* has not threatened to and is not organized for the purpose of *making any sales contrary to any minimum resale prices lawfully established by*

---

[1] The Illinois Fair Trade Act (Smith-Hurd Ill. Stats. 121½ §188 et seq.) reads the same as the Pennsylvania Act. Forty-two states have passed the same or similar Acts.

*the producer or manufacturer or in violation of the rights of any person in any trademark, brand or name."* (Italics supplied).

As we read the entire statement contained in that paragraph of the answer, neither intention nor threat is manifested on the part of appellant to sell those trademarked goods at a discount whose minimum resale price has been established by contract made pursuant to the Fair Trade Act. Furthermore, there is nothing in the record that would warrant the finding of such intention or threat as a fact.

We conclude, therefore, that neither the pleadings nor the proved facts, as found by the chancellor, warrant a decree for injunction. Since an injunction is a very drastic remedy the use of which should be restricted except upon clear and convincing testimony of an intended or threatened injury, we are of the opinion that appellee is not entitled to such equitable relief based upon its general prayer therefor, as incidental to the specific relief sought but which is denied in the instant case involving the particular parties to this suit. Neither the proof nor the prayer supports the decree of the chancellor granting general relief. In the absence of conformity between them, the decree cannot be sustained: *Goslin, Admr. v. Edmonds,* 325 Pa. 154, 159, 188 A. 851.

The decree of the court below is reversed and the bill of complaint is dismissed, costs to be paid by appellee.