Whiteley et al. *v.* Mortgage Service Company, Trustee, Appellant, et al.

Argued November 29, 1939. Before KEPHART, C. J., SCHAFFER, MAXEY, DREW, LINN, STERN and BARNES, JJ.

*C. Russell Phillips,* of *Montgomery & McCracken,* for appellant.

*George M. Henry,* for appellees.

OPINION BY MR. JUSTICE BARNES, March 25, 1940:

This appeal presents the question whether an owner of leased premises was properly included in an order restraining a nuisance created upon its premises by a sublessee, over whose acts the owner had no control.

There is no serious controversy concerning the facts of the case. It appears that the Mortgage Service Company of Philadelphia, as liquidating trustee, is the owner of a large modern two-story garage of steel and concrete construction located at Nos. 538-540 North Sixty-Third Street in Philadelphia. The present structure was erected in 1924 and has been used since that time for the purpose of storing, selling and repairing automobiles. It is situated in a district which has been zoned as Class "A" commercial, but the building extends westwardly to Gross Street in a Class "D" residential zone.

On June 15, 1938, the owner leased the property to the Richards-Fisher Company, a corporation, for use as a Ford sales and service agency. The first floor of the building contains a front show room, a stock room, and a general repair shop. Used cars are stored on the second floor. On this floor, at the rear, is a "walled-off" room occupied by Charles F. Schultz, a sublessee of the Richards-Fisher Company, where he carries on the business of painting automobiles, and straightening fenders and bodies for customers of the motor agency, paying fifty dollars per month to the lessee for the concession and the use of the work room.

The plaintiffs are owners and residents of properties on Gross Street, a small street of single family houses, between Sixty-Third and Sixty-Fourth Streets, to which the rear of the garage extends. They seek in this proceeding to enjoin the owner, the lessee, and the sublessee from conducting on the premises an automobile repair and paint shop, alleging that such use prevents them from enjoying the peace and comfort of their homes and injures their health.

Defendants' answer sets forth that the property has been used for such purposes for many years, and that plaintiffs are guilty of laches in objecting thereto. They deny that the neighborhood is exclusively residential in character.

The chancellor concluded that plaintiffs were barred by laches and refused to enjoin the operation of a public garage and repair shop upon the premises, or the painting of automobiles thereon, but issued an order restraining the defendants, including the owner of the property, from straightening and repairing automobile bodies and fenders unless the noise of such work be eliminated by soundproofing or removing the shop to another portion of the building. The chancellor found that the neighborhood is "partly commercial and predominantly residential."

Exceptions to the adjudication were dismissed by the court in banc and from the final decree accordingly entered the Mortgage Service Company alone has appealed. In consequence we are not concerned with the question whether the acts enjoined constituted a nuisance, or whether the decree was proper as to the remaining defendants. The sole question is whether the owner of the property should have been included in the restraining order.

The court below was of opinion that unless the owner as well as the tenant were enjoined from permitting these objectionable activities on the demised premises, it might be necessary for the plaintiffs to institute proceedings whenever a new tenant went into possession and engaged in such work. The court said: "If the injunction were to embrace the tenant only, what protection would the plaintiffs have acquired as to the operation of the premises after the expiration of the present tenant's term?"

However, it clearly appears that the order of the court places a general and continuing responsibility upon an owner out of possession for acts performed on the demised premises by lessees, sublessees or licensees. In our opinion such a far-reaching decree imposes an unreasonable burden upon the property owner, and cannot be sustained.

This is not the case where the owner leases premises upon which a nuisance already exists; nor is the building here involved of such type that its ordinary and customary use by the tenant, in that locality, would constitute a nuisance. The cases relied upon by the court below are of that classification. In *White v. Old York Road Country Club*, 318 Pa. 346, and *Thomas v. Dougherty*, 325 Pa. 525, we held that the owners of gasoline filling stations located in residential communities could properly be enjoined because the buildings were of such character that their use for the purpose for which they were constructed would be, in itself, a nuisance. See also *Edmunds v. Duff*, 280 Pa. 355.

It is obvious that the present case is distinguishable from those cases. Here, the nuisance arose solely from the *manner* in which this tenant used the premises, rather than from anything inherent in this type of building or in its ordinary use under the terms of the lease. The straightening of automobile bodies and fenders is not essential to, nor a usual incident of, the conduct of a sales agency, garage and general repair shop. The purposes for which the building was leased could have been fully realized without the performance of this particular work therein.

Where, as here, an owner of leased premises, exercising no control over the acts of a tenant, has neither authorized, nor directly or indirectly participated in, the creation or continuance of a nuisance, he cannot be made answerable for the objectionable conduct of those occupying the premises. Our search has revealed no appellate decision in Pennsylvania* dealing with this precise situation, but our conclusion is supported by

---

* In *Howard v. Franks*, 27 Berks L. J. 112, the court refused to include in a restraining order the owner of a baseball park, which was used by the lessee in such manner as to create a nuisance. It held that the tenant alone should be enjoined, since the purposes for which the property was leased would not cause injury to third persons.

analogous cases in other jurisdictions. In *McMechen v. Hitchmen-Glendale Coal Co.,* 88 W. Va. 633, an injunction was sought to restrain a nuisance created by the action of a lessee in diverting a stream from its natural course. The owner of the land was made a party defendant. The court held there could be no responsibility imposed upon the owner, and said (p. 636): "An owner of property is not liable for a nuisance maintained thereon by a tenant or licensee, unless he erected the nuisance and then leased the land, or leased or let it for the conduct of a business thereon, which, in its very nature, would work injury to a third person." The court dismissed the bill as to the owner.

In *Politis v. Times Square Impr. Co.,* 168 App. Div. (N. Y.) 814, the court refused to include in a restraining order the owner of a loft building which was used by a tenant in such a way as to constitute a nuisance to the plaintiff, stating (p. 816): ". . . in the present case no fault is found with the use to which defendant has devoted its building, nor is it claimed that any nuisance results from any use of the building itself. Indeed there is no reason to suppose that defendant knew or had reason to anticipate that the arrangement it adopted for its buildings would necessarily result in loss to anyone. We are of the opinion that the complaint states no cause of action against this defendant." And see *Spiker v. Eikenberry,* 135 Iowa 79.

While it was proper that the Mortgage Service Company be made a party defendant to the bill, because its interests would have been adversely affected by any decree restraining the ordinary use of the premises as a garage and general repair shop, (*Geesey v. City of York,* 254 Pa. 397; *Hanna v. Chester Times,* 303 Pa. 252, 255) it does not follow that it must be included in an order restraining acts for which it had no responsibility.

Since the Mortgage Service Company has not participated in the wrongful conduct of its sublessee and tenant, nor has threatened to do so in the future, the drastic

480

remedy of injunction should not have been invoked against it. See *Berkey v. Coal Mining Co.*, 220 Pa. 65, 77; *Shryock v. Association of U. F. Buyers, Inc.*, 135 Pa. Superior Ct. 428, 433.

The bill is here dismissed as to appellant, Mortgage Service Company, and the decree of the court below is modified to exclude appellant from its operation and to exempt it from the payment of any portion of the costs; appellees to pay the costs of this appeal.