130

Trilling et al. v. Sugerman, etc.

*Stark, Bissell & Reifsnyder*, for plaintiffs.
*David J. Reedy*, for defendant.

HOBAN, J., July 3, 1940. — The above action was brought by bill in equity to restrain a retailer from advertising, selling, and offering for sale trade-marked products at prices less than those stipulated in a fair trade contract entered into under the provisions of the Fair Trade Act of June 5, 1935, P. L. 266. The preliminary objections go to the lack of averments of proper notice of the contract and the prices stipulated and established, or that the advertisement, averred to constitute the offense, offered for sale an article identical with that named in any price list.

Section 2 of the Act of 1935, supra, defines unfair competition as:

"Wilfully and knowingly advertising, offering for sale, or selling any commodity at less than the price stipulated in any contract entered into pursuant to the provisions of section one of this act, whether the person so advertising, offering for sale, or selling is, or is not, a party to such contract . . .".

To justify relief under the act, there must be a clear showing that the sale, offer, or advertisement was done knowingly in violation of the restrictions of any fair trade contract not declared unlawful by the act: Shryock v. Association of United Fraternal Buyers, Inc., 135 Pa. Superior Ct. 428. The mere advertising, offering for sale or selling at less than the stipulated price is not in itself sufficient to justify relief under the act, but it must be shown that these things were done wilfully and knowingly: Old Dearborn Distributing Co. v. Seagram-Distillers Corp., 299 U. S. 183. It is clear, therefore, that specific knowledge of the particular restriction must be averred and proved before any relief may be had by injunction or otherwise.

An examination of the bill in equity discloses that there is no clear averment of such specific knowledge on the part of this defendant of the restriction sought to be enforced, from which a violation could be inferred. The bill avers that the violation by advertisement occurred on or about April 1, 1940, but the fair trade contract relied upon as the key contract is set forth in the bill as entered into only "prior" to the date hereof", meaning the date upon which the bill was filed, which is May 14, 1940. The contract, a blank copy of which is added to the bill as exhibit B, provides that the retailer agrees not to sell, advertise, or offer for sale the specified merchandise below that price stipulated in the retail trades schedules annexed to the contract, and reserves the right to change such schedules from time to time, and that upon such change the new schedule shall be incorporated into the contract and become the prices stipulated.

Assuming that knowledge of this contract with the original schedule of prices was brought home specifically to this defendant and that subsequent price list changes took place, it then becomes necessary to show that specific notice of such new price lists was given to defendant before he may be held to be in unfair competition for sales below such list prices. There is an averment in the bill that the price list, attached as exhibit A, was in effect since March 1, 1940, but there is no averment that the price list itself, or notice of its addition to the basic contract, was furnished to defendant at any given time. There is, however, an averment in paragraph 6 of the bill that this defendant was cautioned during February and March, 1940, that fair trade contracts were in force and that he was warned against offering any of plaintiffs' products at less than list prices; but such an averment is not an averment of notice of what the provisions of the contract, as modified by any subsequent changes in list, actually were on any specific date.

There is a further averment that on April 10, 1940, a notice was sent to defendant pointing out that the advertisement complained of was a violation of the basic fair trade agreement, and demanding that defendant express his intention to comply with the Fair Trade Act in the future, and that defendant continues to offer plaintiffs' products at less than list prices. But there is still no notice of exactly what the contract is, nor of the specific date that he was notified that the list prices were effective as part of the contract. In the absence of this, it is difficult to see how, under the decision in Shryock v. Association of United Fraternal Buyers, Inc., supra, defendant may be held responsible for wilfully and *knowingly* advertising or offering for sale, at less than the prices stipulated in the contract, the item in question.

The objection that the bill fails to set forth a violation of the price list itself does not seem to us to have substance. A description of the article in the advertisement by price and size is almost identical with that in the price

list itself. Assuming that plaintiffs are able to aver and prove proper notice of the fair trade contract restrictions, the advertisement would clearly be in violation of the contract and would meet the definition of unfair competition as prescribed by the Fair Trade Act of 1935, supra.

Now, July 3, 1940, the first preliminary objection is sustained, but the second preliminary objection is dismissed. The third preliminary objection, having been withdrawn by counsel, is likewise dismissed. Plaintiffs are allowed 15 days from the date hereof to amend the bill to cure the defect set forth in the first preliminary objection, in conformity with Supreme Court Equity Rule 49.