## Lando et al. v. Sherwood Theatre Company et al.

*Samuel B. Brenner*, for plaintiffs.

*Robert K. Greenfield* of *Sundheim, Folz, Kamsler & Goodis*, for Sherwood Theatre Company, defendant.

*Albert H. Friedman*, for Earl M. Forte and Anna M. Forte, defendants.

ALESSANDRONI, J., June 16, 1952.—Plaintiffs have filed a bill in equity for interpleader against above-named defendants. Plaintiffs now seek a preliminary injunction pending the disposition of such bill on the ground that they will suffer irreparable harm.

Plaintiffs occupy the premises 5026-28 Baltimore Avenue, Philadelphia, Pa. They are tenants under a lease granted by defendant, Sherwood Theatre Com-

pany. Defendant Sherwood had leased the above premises and that of Baltimore Avenue, Christian Street and 54th Street from the owners, defendants Forte. Sherwood is now insolvent and in default of the terms of its lease. Prior to May 15, 1952, plaintiff was in receipt of notice from both Sherwood and Forte to pay the rent to each respectively. On May 15, 1952, Forte distrained plaintiff's goods in the Baltimore Avenue premises. Sherwood's notice threatened to declare the plaintiffs' lease in default and to confess judgment thereon; plaintiffs therefore ask that both landlords be restrained until the interpleader is determined upon payment of the rent into court.

An injunction is a very drastic remedy, the use of which should be restricted except upon clear and convincing testimony of an intended or threatened injury: Shryock v. Association of United Fraternal Buyers, Inc., 135 Pa. Superior Ct. 428. There should be no balancing of conveniences, but it should be clear that greater injury would be done by refusing the injunction than by granting it: Pennsylvania Railroad Co. v. Driscoll et al., 330 Pa. 97. The grant of an injunction rests in the sound discretion of the court. Ibid.

The simple facts are that Sherwood threatens to confess judgment on the lease if the rent that plaintiff owes is not paid to it. If such judgment is entered, plaintiffs can move to have the judgment opened, in which case they have two adequate defenses: Payment to Forte, who will apply the rental on account of the debt due him from Sherwood, and breach of the covenant of quiet enjoyment: Raker et al. v. G. C. Murphy Company, 358 Pa. 339.

Plaintiffs seek also to restrain the owners, defendant Forte, from proceeding with their distraint. This they cannot do. The paramount title here is Forte's. Regardless of injury to plaintiffs, they cannot restrain

the exercise of a legal right of the owner of the paramount title. Furthermore, plaintiffs knowingly placed themselves in a position where what is threatened, could, in fact, happen.

The facts that will be developed at the hearing on the bill are not now before us. However, under the facts present, if Sherwood does take action on the lease, plaintiffs might well have a cause of action sounding in tort. This being so, plaintiffs must resort to the remedies that they have at law. They cannot obtain an injunction to restrain the exercise of legal rights by the holder of the paramount title. They have defenses to defendant Sherwood's action. The claimed irreparable harm threatened is, at the most, annoyance or inconvenience. Neither is sufficient to warrant the extraordinary remedy of the injunction.

### Order

And now, to wit, June 16, 1952, plaintiffs' rule for a preliminary injunction is discharged.