## Luckenbaugh v. Shearer

*Michael Q. Davis,* for plaintiffs.

*Donald L. Reihart, John S. Kennedy,* for defendant Straley.

*David Mills,* for defendant Shearer.

RAUHAUSER, *J.,* November 16, 1984—Plaintiffs filed their complaint on September 6, 1984, alleging that defendant John Shearer, Jr. (Shearer) had negligently sprayed certain toxic chemicals upon the farm land adjoining plaintiffs' land, which toxic chemicals drifted onto plaintiffs' land, polluted the groundwater flowing into plaintiffs' well, contaminated plaintiffs' home, and caused both plaintiffs to suffer severe and ongoing illnesses. It is further alleged that defendant Mary Straley (Straley) is the owner of the adjoining land upon which the negligent spraying of toxic chemicals was conducted and that defendant Shearer has farmed the land owned by defendant Straley under a lease agreement since 1973. Paragraph 22 of the complaint avers that "defendants jointly and severally caused the application of said chemicals to be done in an improper and negligent manner . . ."

Plaintiffs seek damages in excess of $10,000 to compensate them for injuries to their persons and their property. They ask that judgment be issued against both defendants jointly and severally. The complaint contains no prayer for equitable relief.

Defendant Straley has filed preliminary objections in the nature of a demurrer and a motion for a more specific pleading. It is defendant Straley's position that, as a landlord out of possession, she cannot be held liable for a nuisance or injury created by the negligence of her tenant. Since the complaint fails properly to allege any fault on her part in the causation of plaintiffs' injuries, defendant Straley argues, plaintiffs have failed to allege a cause of action against her upon which relief can be granted.

Alternatively, defendant Straley asserts that the allegations of the complaint are too vague to permit her to understand the nature of the conduct which she is being called upon to defend, wherefore plaintiffs should be required to file a more specific complaint.

## A. THE CLEAN STREAMS LAW

In response, plaintiffs concede that a landowner generally cannot be held responsible for dangerous conditions arising solely out of the negligence of his tenant. They argue, however, that Pennsylvania's Clean Streams Law, 35 P.S. §691.1 et seq., displays a legislative intent to expand the civil liability of an absentee landowner for conditions on his land, however caused, which threaten to pollute or defile any underground or surface water resource in the Commonwealth. In support of their position, plaintiffs point to §316 and §601 of The Clean Streams Act, which provide:

"§619.316 Responsibilities of landowners and land occupiers.

"Whenever the department finds that pollution or a danger of pollution is resulting from a condition which exists on land in the Commonwealth the department may order such owner or occupier to correct the condition in a manner satisfactory to the department . . . For the purpose of this section, "landowner" includes any person holding title to or having a proprietary interest in either surface or subsurface rights . . .

. . .

"§691.601 Abatement of Nuisances; restraining violations.

"(a) Any activity or condition declared by this act to be a nuisance or which is otherwise in violation of

this act, shall be abatable in the manner provided by law or equity for the abatement of public nuisances . . .

. . .

"(c) Except as provided in subsection (e), any person having an interest which is or may be adversely affected may commence a civil action on his own behalf to compel compliance with this act . . . against any other person alleged to be in violation of any provision of this act . . .

"After due consideration of these statutory passages, we cannot agree with plaintiffs' assertion that the Legislature, in enacting The Clean Streams Law, has authorized the courts to recognize a new civil cause of action for damages in derogation of the common law of trespass and nuisance."

A thorough reading of the above-quoted provisions and of the Clean Streams Act as a whole leaves us with no doubt that the legislative intent behind the act was to provide the Pennsylvania Department of Environmental Resources (DER) with the legal means to bring court actions to compel the abatement of conditions threatening the cleanliness of any water resource within the Commonwealth. The act does permit a private individual to bring an enforcement action if he is aggrieved by another's non-compliance with the statute. But the private plaintiff is first required to provide DER with notice of the alleged nuisance and an opportunity to prosecute a civil action in the name of the Commonwealth. 35 P.S. §691.601(e).

The Clean Streams Act authorizes the DER to assess civil penalties, but nowhere does it authorize the bringing of an action for civil damages. Where a remedy or method of procedure is provided by an act of assembly, the directions of that act must be followed strictly and the remedies and procedures provided by the act are exclusive. 1 Pa. C.S. §1504; In

re Shapp, 28 Pa. Commw. 163, 368 A.2d 858 (1977), aff'd 476 Pa. 480, 383 A.2d 201 (1978). The purpose of the act being to provide the Commonwealth with a procedure for compelling the restraint or abatement of conditions causing water pollution, we do not believe that the operation of the act will be hindered or the public policy underlying it will be thwarted if private parties are prevented from basing claims for damages upon the provisions of the act. See City of Philadelphia v. Stepan Chemical Co., 544 F. Supp. 1135, 1150-1151 (E.D., Pa. 1982).

In holding that the Clean Streams Law will not support plaintiffs' claim for damages, we should also note the language of section 701 of the act: "[N]othing in this act contained shall in any way abridge or alter rights of action or remedies now or hereafter existing in equity, or under the common law or statutory law . . ." 35 P.S. §691.701. Not only does this provision preserve for plaintiff a cause of action in common law trespass or nuisance, it also manifests a legislative intent that the common law forms of action should not be reformed or altered in any way by the act. Accordingly, the Clean Streams Law forms no part of the basis of our decision regarding the liability of an absentee landowner for a nuisance created by the negligence of his tenant.

## B. COMMON LAW LIABILITY OF LANDOWNER OUT OF POSSESSION.

Under Pennsylvania law, a landowner cannot be held vicariously liable for the tort of his lessee. Where an injury has been caused by the negligence of the tenant, the aggrieved party has no remedy against the landlord unless the latter is chargeable with complicity in the commission of the tort or oth-

erwise can be held at fault for failing to prevent the harm where he had the power and duty to do so.

The leading case in this area is Whiteley v. Mortgage Service Co., 337 Pa. 476, 12 A.2d 9 (1940), cited by both plaintiffs and defendant Straley. In Whiteley, defendant landlord had leased a two-story building in a predominantly residential neighborhood to an automobile dealership concern. The lessee subleased one room of the structure to a man who used it as a body shop. Residents of the neighboring properties, complaining of noise and fumes, eventually filed suit to enjoin use of the premises as a body shop, and the landlord was included in the prayer for equitable relief.

Ordering the dismissal of the bill as to the landowner out of possession, the Supreme Court emphasized the landowner's lack of participation in the creation of the nuisance:

"Here the nuisance arose solely from the manner in which this tenant used the premises, rather than from anything inherent in this type of building or in its ordinary use under the terms of the lease. The straightening of automobile bodies and fenders is not essential to, nor a usual incident of, the conduct of a sales agency, garage, and general repair shop. The purposes for which the building was leased could have been fully realized without the performance of this particular work therein.

Where, as here, an owner of leased premises, exercising no control over the acts of a tenant, has neither authorized, nor directly or indirectly participated in, the creation or continuance of a nuisance, he cannot be made answerable for the objectionable conduct of those occupying the premises." 337 Pa. 478, 12 A.2d 10-11.

In Miller v. Atlantic Refining Co., 393 Pa. 466, 143 A.2d 380 (1958), the plaintiff sought recovery

from the landowner out of possession for injuries she had suffered in a fall after she had slipped on fresh oil recently washed onto the sidewalk from defendant's land by its tenant, who was operating a gasoline service station on the property. The Supreme Court, adopting the opinion of the trial court, held that the landowner was entitled to judgment as a matter of law, because the forces upon the property creating the risk of harm to the plaintiff were under the exclusive control of the tenant; therefore, the landowner could not be shown to be at fault.

The Adams County Court of Common Pleas tackled the question of the liability of a landlord out of possession for damages caused by the acts of the tenant in the operation of its business on the leased premises in Hess v. Hercules Alclor Chemical Co., Inc. 5 Adams L.J. 187 (1964). In resolving the question, the court relied upon section 837 of the Restatement of Torts. That section has been substantially incorporated into Restatement (Second) of Torts §837, which we now find helpful in determining the rights and duties of the parties to the present case.

"§837 Activities After Transfer of Land

(1) A lessor of land is subject to liability for a nuisance caused by an activity carried on upon the land while the lease continues and the lessor continues as owner, if the lessor would be liable if he had carried on the activity himself, and

(a) at the time of the lease the lessor consents to the activity or knows or has reason to know that it will be carried on, and

(b) he then knows or should know that it will necessarily involve or is already causing the nuisance . . ."

It should be clear, then, that plaintiffs' assertion that they "have stated a cause of action, merely by

alleging that defendant Straley owns land which she leases to a tenant who caused certain chemicals to migrate onto plaintiffs' land" is incorrect. A landowner is not vicariously liable for the torts of her tenant.

With that principle established, we find that plaintiffs' complaint does not adequately plead a cause of action against defendant Straley. There is no allegation to the effect that defendant Straley participated in the negligent spraying of chemicals or that she realized defendant Shearer would perform the job in a manner likely to cause injury to plaintiffs. The spraying of pesticides and fertilizers, when properly done, creates no nuisance to the occupants of adjoining land, and the landowner whose tenant conducts such activity on the land cannot be liable for harm caused by the spraying unless she reasonably knew in advance that the spraying would take place and that there was a substantial likelihood that the tenant's performance of the task would cause harm to others. The Restatement states the rule succinctly:

"Unless the activity is such that it will necessarily involve a private or public nuisance, the lessor's consenting to it is not a basis for subjecting him to liability. Invasions caused by other activities are necessarily due to the manner in which they are carried on, and the lessor is not bound to anticipate that they will be carried on in an unskillful or careless manner." Restatement (Second) Torts §837 comment on clause (b).

Whereas the complaint fails to allege that defendant Straley consented to the spraying or that she was aware of the likelihood that such spraying would harm others, or that she otherwise exercised control over the condition of the premises or her tenant's conduct, defendant Straley's preliminary

objections must be sustained.* The complaint fails to state a cause of action against her, and her demurrer will be granted. However, because 'plaintiff's pleading was based upon a misconception of the law, we believe it is appropriate to permit plaintiffs the opportunity to amend their complaint in order to allege facts, if such facts exist, which would indicate that a cause of action does exist against defendant Straley in conformity with the law. as set forth in this opinion. We will not now otherwise deal with the question of the specificity of the pleading.

## ORDER

And now, this November 16, 1984, upon consideration of plaintiffs' complaint and the preliminary objections of defendant, Mary Straley, on demurrer, it is hereby ordered that such preliminary objection of defendant Mary Straley is sustained.

Plaintiffs are, however, granted leave to file an amended complaint asserting a cause of action against the above-named defendant within 30 days from the date hereof.

---

* Although paragraph 22 of the complaint avers that both defendants were negligent in the application of chemicals to the land, this is a conclusion of law and is not a well pleaded fact which is admitted as true for the purpose of a demurrer. Pike County Hotels Corp. v. Kiefer, 262 Pa. Super. 126, 396 A.2d 677 (1978).